LYNCH et al., Appellants,

v.

DEAN WITTER REYNOLDS, INC., Appellee.

[Cite as *Lynch v. Dean Witter Reynolds, Inc.* (1999), 134 Ohio App.3d 668.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17664.

Decided Sept. 10, 1999.

*Andrew C. Storar* and *Michael W. Sandner; Thomas L. Grady,* for appellants.

*Michael N. Ungar* and *Marvin L. Karp; Robert J. Surdyk,* for appellee.

WOLFF, Judge.

On December 15, 1997, William C. Lynch and several other investors ("the investors") filed a class action complaint against Dean Witter Reynolds, Inc. ("Dean Witter") in the Montgomery County Court of Common Pleas alleging that Dean Witter had breached their investment contracts. Specifically, the investors claimed that, after the contracts had been entered into, Dean Witter had failed "to conform its conduct to all applicable customs, usages, laws, rules and regulations of governmental authorities and self-regulatory agencies" as promised in the contracts and that the investments had suffered as a result. The named plaintiffs had purchased limited partnership interests through Dean Witter in 1985.

On March 5, 1998, Dean Witter moved to dismiss the complaint on several bases, including that the action was barred by the limitations period set forth in R.C. 1707.43 for actions based on the unlawful sale of securities. The trial court granted the motion to dismiss on January 29, 1999, finding that, although the investors' claim was styled as a breach of contract claim, it was in fact a claim for fraud in the sale of securities, and thus the limitations period set forth in R.C. 1707.43 applied to bar the investors' claim.

The investors raise two assignments of error on appeal, which address the same substantive issue and will be considered together:

"I. The trial court erred in finding that the subject matter of the plaintiffs' complaint was one for fraud and not breach of contract.

"II. The trial court erred in applying Ohio Revised Code § 1707.07.43 [*sic*] to the plaintiffs' breach of contract claims."

The investors claim that Dean Witter failed to make required disclosures, engaged in self-dealing, acted without due diligence, and improperly managed the investment accounts in question. The investors contend that such conduct was prohibited by the contract and the rules and regulations incorporated therein and that Dean Witter engaged in such conduct to their detriment *after* they had purchased their interests in the securities. The investors claim that these acts were outside the scope of R.C. 1707.43 because they occurred "only after contracts were entered into" and were unrelated to the purchase of the securities.

The statute of limitations for breach of a written contract is fifteen years. R.C. 2305.06. However, R.C. 1707.43 provides:

"No action for the recovery of the purchase price * * * and no other action for any recovery based upon or arising out of a sale or contract for sale made in violation of [the Securities Act] shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person * * * were unlawful, or more than four years from the date of such sale or contract for sale, whichever is the shorter period."

The investors do not dispute that their claim would be governed by the limitations period set forth in R.C. 1707.43 if it were based upon or had arisen out of the sale of the securities. They allege, however, that their contracts were breached after the purchase of their securities and that the breach was related to the management of the limited partnership interests after the investments had been made. Accordingly, the investors contend that the longer limitations period for breach of contract claims applies.

█ We agree with the investors that an action for the unlawful sale of a security pursuant to R.C. Chapter 1707 and a common-law action for breach of contract relating to how a security is managed are not necessarily mutually exclusive. Nonetheless, these causes of action are distinct, and we must look to the actual nature or subject matter of a case, rather than the form in which an action is pleaded, to determine the applicable limitations period. *Lawyers Coop. Publishing Co. v. Muething* (1992), 65 Ohio St.3d 273, 277, 603 N.E.2d 969, 972–973. " 'The grounds for bringing the action are the determinative factors[;] the form is immaterial.' " *Id.* at 277–278, 603 N.E.2d 969, 972–973, quoting *Hamble-*

*ton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 182, 12 OBR 246, 249, 465 N.E.2d 1298, 1302.

In resolving a Civ.R. 12(B)(6) motion to dismiss, all of the factual allegations in the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 755–756. A complaint may only be dismissed pursuant to Civ.R. 12(B)(6) when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

■ Specific statutory provisions prevail over conflicting general provisions unless the legislature's intent that the general provision prevail is clear. R.C. 1.51; *State v. Volpe* (1988), 38 Ohio St.3d 191, 527 N.E.2d 818, paragraph one of the syllabus; *Haack v. Bank One, Dayton, N.A.* (Apr. 11, 1997), Montgomery App. No. 16131, unreported, 1997 WL 205998. Accordingly, if the investors claims can be characterized both as violations of the specific provisions of R.C. Chapter 1707 and as breaches of their contracts with Dean Witter, the limitations period set forth in R.C. 1707.43 prevails over the general limitations period for breach of contract claims.

■ The investors' allegations of misconduct on the part of Dean Witter were set forth in paragraphs fifteen and sixteen of the complaint. Paragraph sixteen of the complaint contained several subparts alleging that Dean Witter had breached its contract. The investors' first three allegations in paragraph sixteen were that Dean Witter sales materials had "contain[ed] systematic misrepresentations and/or omissions of material facts"; that Dean Witter had created a market for its partnership securities through the use of false or misleading information; and that Dean Witter had failed to disclose the risks and illiquidity of the securities in its account statements and reports, the securities' "actual value over time," the likelihood of a return, and the nature of Dean Witter's compensation scheme. Because these allegations relate to Dean Witter's sales practices, its marketing, and representations on which the investors would have relied in deciding whether to purchase the securities, these matters clearly arose out of the sale or contract for sale of the securities. Paragraph sixteen further alleged that Dean Witter had failed to disclose its self-dealing and its exercise of some control over the partnership interests. Although it is evident that any misperception or misrepresentation about the nature of the partnership interests under which the investors acted at the time of their initial investment might also have colored their judgments about whether to retain the securities after the purchase, these claims are nevertheless related to the purchase of the securities, not the management of the securities after the sale. Thus, the claims set forth in

paragraph sixteen of the investors' complaint fell within the scope of R.C. 1707.43 and the two-year/four-year limitations period set forth therein for claims arising out of a sale or contract for sale of a security applied.

In paragraph fifteen of the complaint, the investors generally alleged that Dean Witter had repeatedly breached its contracts and violated the customs, usages, laws, rules and regulations incorporated into its contracts by failing to make required disclosures and by engaging in prohibited conduct. By way of example, the investors claimed that Dean Witter's "sales scheme" and marketing were characterized by serious misrepresentations, lack of disclosure, and self-dealing. As discussed, *supra*, allegations relating to improper sales practices clearly fall within the ambit of R.C. 1707.43. Paragraph fifteen also alleged that Dean Witter published standardized literature containing factual misrepresentations and concealing material facts regarding the performance of Dean Witter partnership interests. Because "standardized literature" is generally used as a marketing tool and because the investors have not alleged that they took any action in reliance upon the literature aside from their purchase of the securities, we conclude that the alleged misrepresentations again related to the sale of the securities. Moreover, the alleged conduct is specifically proscribed in R.C. 1707.41, which prohibits making false statements concerning a material and relevant fact for the purpose of selling securities. Thus, the limitations period set forth in R.C. 1707.43 applied, not the longer limitations period set forth in R.C. 2305.06 for breach of contract claims.

The case is very similar to *Hater v. Gradison Div. of McDonald & Co. Securities, Inc.* (1995), 101 Ohio App.3d 99, 655 N.E.2d 189, in which the First Appellate District likewise concluded that R.C. 1707.43 applied. In *Hater*, investors alleged that the defendant had concealed the following: the actual value of encumbrances on investment property in financial statements; a loan that violated the partnership agreement; the fact that the defendant company's assets consisted of notes from affiliates worth substantially less than their stated value; and the fair market value of the company. The *Hater* investors claimed that the alleged fraudulent acts had occurred after the sale of the partnership interests and had had no relation whatsoever to the sale of the securities and that their claim was brought as "*owners* of the securities, not as *purchasers.*" The court held that "despite counsel's best efforts to portray them as something else, the allegations of fraud [were] inextricably interwoven with the sale of the partnership units" (*Hater*, 101 Ohio App.3d at 113, 655 N.E.2d at 198) and applied the limitations period set forth in R.C. 1707.43. This result supports our conclusion that R.C. 1707.43 applies in the case at hand.

In sum, we agree with the trial court's conclusion that, although styled as a breach of contract claim arising after the purchase of the securities, the investors'

claims actually related to the purchase of the securities and therefore fell within the ambit of R.C. 1707.43. As such, the claims were barred by the statute of limitations and were properly dismissed. The assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FAIN and KOEHLER, JJ., concur.

RICHARD N. KOEHLER, J., retired, of the Twelfth Appellate District, sitting by assignment.