OPINION
Plaintiffs-appellants Martin S. Goldberg, Martin S. Goldberg Co., L.P.A., Albert J. Ortenzio, Asher Zeev Rabinowitz, M.D., Richard Alan Ginsburg, D.D.S., Stanley H. Bushkoff, M.D., Orthopedic Associates of Pittsburgh, Inc., and Profit Sharing Plan of Stanley H. Bushkoff, M.D. (collectively known as appellants) appeal the decision of the Mahoning County Common Pleas Court granting defendants-appellees' James H. Cohen, Michele Cohen, Kassko, Inc., T.M.C. Investors II, T.M.C. Investors, III, T.M.C. Investors, IV, and T.M.C. Investors, V (collectively known as appellees) motion to dismiss the complaint pursuant to Civ.R. 12(b)(6). This court is asked to determine whether the statute of limitations enumerated in R.C. 2305.09 or the statute of limitations enumerated in R.C. 1707.43 applies to the claims raised by appellants. Appellants claim that appellees provided false and misleading prospectuses and made false and misleading oral statements that appellants relied on in purchasing limited partnership units and common stock in appellees corporation and limited partnerships. We hold that the statute of limitations in R.C.1707.43 applies, not the statue of limitations in R.C. 2305.09. As such, the decision of the trial court is affirmed.
 FACTS
James Cohen was the president and sole shareholder of Kassko, Inc. Kassko, Inc. is the general partner in T.M.C. Investors II, T.M.C. Investors, III, T.M.C. Investors, IV, and T.M.C. Investors, V (collectively known as T.M.C.). Between 1985 and 1992, each appellant purchased differing quantities of limited partnership units in T.M.C. for differing prices. This amounted to the purchase of almost 21 limited partnership units in T.M.C. for $387,838.01.
James Cohen is also the director and controlling shareholder of T.M.C. T.M.C. was in the process of producing a super computer and artificial intelligence. In 1991, three appellants, Martin S. Goldberg, Stanley H. Bushkoff, M.D., and Albert J. Ortenzio, each purchased 1,000 shares of T.M.C. common stock for $25,000.
Appellants claim that prior to the purchase of the units and stocks, appellees supplied them with misleading prospectuses. Appellants claim appellees made false and misleading oral statements regarding the units and stocks. Appellants claim they were told that the limited partnerships were formed for the sole purpose of investing in T.M.C. and were going to invest solely in T.M.C. They also claim they were told that T.M.C. was going to go public immediately and it was making tremendous progress. Appellants claim all these false statements were used to induce them to buy the units and stocks.
In August 1994, T.M.C. filed for bankruptcy. Appellants filed their complaint on December 6, 1996. Appellees filed a Civ.R. 12(b)(6) motion to dismiss claiming that the statute of limitations had expired on the claims presented. On February 21, 2001, the trial court applying the statute of limitations set forth in R.C. 2305.09, granted the motion to dismiss based upon the expired statute of limitations in R.C. 2305.09. This timely appeal followed.
 ASSIGNMENTS OF ERROR
Appellants raise two assignments of error. These assignments of error will be addressed together since both are predicated on which statute of limitations is applicable to the claims asserted. These assignments contend:
 "WHETHER THE TRIGGERING EVENT FOR STATUTE OF LIMITATIONS DISCOVERY RULE PURPOSES MUST BE CAUSED BY THE UNDERLYING MISCONDUCT."
 "WHETHER THE STATUTORY SECURITIES FRAUD STATUTE OF LIMITATIONS IN R.C. 1707.43 APPLIES TO OTHER CLAIMS WHICH ARE NOT BROUGHT UNDER R.C. CHAPTER 1707."
An appellate court reviews a motion to dismiss de novo. Greeley v.Miami Valley Maintenance Constr., Inc. (1990), 49 Ohio St.3d 228, 230. Dismissal of a claim pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of his/her claim that would entitle him/her to relief.In Defense of Deer v. Cleveland Metroparks (2000), 138 Ohio App.3d 153,160, citing O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus; York v. Ohio State Hwy. Patrol (1991),60 Ohio St.3d 143, 144. In reviewing the complaint, the court must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. Mitchellv. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192.
Affirmative defenses such as statute of limitations are generally not properly raised in a Civ.R. 12(B)(6) motion because they usually require reference to material outside the complaint. Steiner v. Steiner (1993),85 Ohio App.3d 513, 518. However, an exception to the general rule exists when the bar is apparent from the face of the complaint. Id.; Helman v.EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 241; Velotta v. PetronzioLandscaping, Inc. (1982), 69 Ohio St.2d 376, 379; State ex rel Edwardsv. Toledo City Sch. Dist. Bd. of Educ. (1995), 72 Ohio St.3d 106, 109;Hughes v. George F. Mary A. Robinson Memorial Portage Cty. Hosp. (1984), 16 Ohio App.3d 80; Sizemore v. Smith (1983), 6 Ohio St.3d 330,336. To conclusively show that the action is time barred, the complaint must demonstrate both (1) the relevant statute of limitations, and (2) the absence of factors which would toll the statute, or make it inapplicable. Helman, 139 Ohio App.3d at 241, citing Tarry v. FechkoExcavating, Inc. (Nov. 3, 1999), 9th Dist. No. 98-CA-7180.
 R.C. 2305.09 OR R.C. 1707.43
In general, claims based on common-law fraud are governed by the four year statute of limitations set forth in R.C. 2305.09. However, the Ohio General Assembly has carved out an exception applicable to allegations of fraud predicated upon a sale made in violation of R.C. Chapter 1707.Hater v. Gradison Div. of McDonald (1995), 101 Ohio App.3d 99, 113, citing Katz v. Genniger (Jan. 31, 1985), 1st Dist. No. C-840219. R.C.1707.43 states:
 "No action for recovery of the purchase price as provided for in this section, and no other action for any recovery based upon or arising out of a sale or contract for sale made in violation of Chapter 1707. of the Revised Code, shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than four years from the date of such sale or contract for sale, whichever is the shorter period." (Emphasis added).
Therefore, if a complaint alleging common-law fraud is predicated on the a sale of securities, the applicable statute of limitations is found in R.C. 1707.43, not R.C. 2305.09. Ferritto v. Alejandro (2000),139 Ohio App.3d 363; Helman, 139 Ohio App.3d 231; Lynch v. Dean WitterReynolds, Inc. (1999), 134 Ohio App.3d 668; Kondrat v. Morris (1997),118 Ohio App.3d 198; Hater, 101 Ohio App.3d at 112; The Ohio Co. v.Stambaugh (June 12, 1998), 2nd Dist. No. 97CA96. In order to determine if a complaint is predicated on the sale of securities, we must look at the actual nature or subject matter of the case rather than the form in which the action is pleaded. Lawyers Coop. Publishing Co. v. Muething (1992),65 Ohio St.3d 273; Helman, 139 Ohio App.3d 231 (determining whether the common-law statute of limitations for contracts applies or whether the statute of limitations in R.C. 1707.43 applies).
Appellants' complaint alleges that they were told T.M.C. would be going public immediately, T.M.C. was making tremendous progress in developing the super computer and artificial intelligence, and the limited partnerships were formed solely for the purpose to invest in T.M.C. Appellants' complaint further states that these statements were false and misleading. Appellants claim that these statements were used to induce them to buy units in the limited partnerships and common stock in T.M.C. While the complaint does not state that the statements were a violation of R.C. Chapter 1707, the complaint states that the units appellants were induced to buy are securities as defined in R.C. Chapter 1707.
Appellants attempt to argue that R.C. 1707.43 is not meant to replace the remedies provided by common-law fraud actions, and as such the statute of limitations in R.C. 2305.09 is applicable. Appellants claim that R.C. 1707.40, read in conjunction with R.C. 1707.41, does not restrict common law liabilities for fraud. R.C. 1707.40 states: "Sections1707.01 to 1707.45 of the Revised Code create no new civil liabilities, and do not limit or restrict common law liabilities for deception or fraud other than as specified in sections 1707.41, 1707.42, and 1707.43
of the Revised Code * * *." R.C. 1707.41 is the civil liability of seller for fraud statute. This statute provides that in addition to other liabilities imposed by law, any person who provides a written or printed prospectus to a potential buyer and the buyer relies on that prospectus may be liable. However, when a claim is grounded in common-law fraud arising from a sale in violation of R.C. Chapter 1707, the statute of limitations governing the claim is R.C. 1707.43. Katz, 1st Dist. No. C-840219. Accordingly, we hold that the claims asserted by appellants arise from the sale of securities and therefore those claims fall within the ambit of R.C. 1707.43, rather than R.C. 2305.09. See Hater,102 Ohio App.3d 99; Stambaugh, 2nd Dist. No. 97CA96; Lynch,134 Ohio App.3d 668; Helman, 139 Ohio App.3d 231.
In Helman, we were faced with claims cloaked in common-law contract. Id. at 231 (determining whether the trial court appropriately granted appellee's motion to dismiss). Among many other claims, including specific allegations of violating R.C. Chapter 1707, appellants claimed they were induced to purchase the stock subscriptions based on fraudulent misrepresentations (contract claim). We concluded that the claims were multiple violations of R.C. Chapter 1707, including a violation of R.C.1707.44(B)(4). Id. In that case, we stated that regardless of whether appellants would have to prove that appellees violated a specific provision, their claim is still based upon and inextricably interwoven with a fraudulent sale of securities. Id. at 245.
In Hater, the First District Court of Appeals dealt with a similar situation and held that the common-law fraud claim asserted by the plaintiffs fell within the ambit of R.C. 1707.43. Id. at 112 (determining whether the trial court appropriately granted summary judgment for the defendant). In Hater, the limited partnership collapsed financially. The plaintiffs, investors, claimed that the defendant, broker-dealer, had undercapitalized the partnership. Plaintiffs' claim sounded in negligence, breach of contract, common-law fraud, and securities fraud. The common-law fraud claim asserted was that broker-dealer fraudulently misrepresented the financial condition of the partnership in a circular and other printed materials. The trial court stated that this claim arose essentially from, and thus was predicated upon, a sale of securities and therefore R.C. 1707.43 applied. Id. The court of appeals agreed. Id.
Additionally, the Second District Court of Appeals has explained that the language of R.C. 1707.43 concerns not only the claims involving the sale of securities but also those claims that arise out of the sale of securities. Stambaugh, 2nd Dist. No. 97CA96 (determining whether the trial court's grant of summary judgment for appellee was correct). InStambaugh, appellants claimed that they made investments based upon the misrepresentations of appellee. The appellate court held that securities sales induced by misrepresentations fall within the "arising out of a sale of securities" language in R.C. 1707.43. Id. (stating "Since the Stambaughs' overarching complaint is that they made their investments based on Berg's misrepresentations, any action they would choose to pursue would necessarily fall within the scope of the § 1707.43
statute of limitations."). Therefore, the limitations of R.C. 1707.43
applied. Id.
In Lynch, the claims were styled as breach of contract, but the trial court and the Second Appellate District stated that in reality the claims were for fraud in the sale of securities and thus fell under the limitations of R.C. 1707.43. Id. at 668 (deciding whether the trial court appropriately granted the motion to dismiss). The Second District reasoned that because the allegations related to representations, among other things, on which the investors relied in deciding whether to purchase the securities, this arose out of the sale or the contract for the sale of the securities. Id. at 671.
However, one case in Ohio has determined that a common-law fraud claim involving securities did not fall under R.C. 1707.43. In Ferritto, policyholders brought an action against an insurer. Id. at 363. Policyholders gave money to the insurer to invest. Rather than investing all of the money, insurer pocketed part of the money and invested the rest of the money. Policyholders sued based on common-law fraud. The Ninth District Court of Appeals held that the limitations under R.C.2305.09 applied rather than the limitations under R.C. 1707.43. Id. at 368. That appellate court stated that the statute of limitations in R.C.1707.43 applies only if a violation of R.C. Chapter 1707 has occurred. The court reasoned that a violation of R.C. Chapter 1707 had not occurred because the fraud did not arise out of the purchase of the securities, but rather arose from the statements made by the insurer to induce the policyholders to give him money so that he could pocket the funds rather then investing the funds. Id. Furthermore, policyholders' claims were not based upon the securities that were actually purchased but rather upon the money that was not used to purchase securities. Id. (reasoning that policyholders did not seek the purchase price of the securities, but rather sought damages for the false statements that the securities were purchased).
We hold that the allegations set forth in appellants' complaint are similar to the allegations in the above cited cases, excluding Ferritto, and as such fall within the ambit of R.C. 1707.43. Additionally, the case at hand is distinguishable from the Ferritto ruling. The Ferritto claims did not arise from the sale of securities, unlike the case before this court. The complaint clearly states that appellants were induced to purchase the units and stocks due to the statements and prospectuses made by appellees. Those statements fall under a violation of R.C. 1707.44(B)(4) and R.C. 1707.41. As the Hater court stated, "Despite counsel's best efforts to portray them as something else, the allegations of fraud are inextricably interwoven with the sale of the partnership units, and thus we hold that the trial court did not err when it found that they were controlled by the limitations period contained in R.C. 1707.43." Id. at 113. Therefore, R.C. 1707.43 applies.
 APPLICATION OF R.C. 1707.43
Even though we found that R.C. 1707.43 governs the statute of limitations for the claims presented in this case, the complaint may not be automatically dismissed. Helman, 139 Ohio App.3d at 245. For dismissal to be appropriate, the record must reflect that there are no factors which would toll the statute of limitations or make it inapplicable. Id. Appellants have alleged no facts that would indicate that equitable estoppel would apply. Furthermore, appellants have alleged no facts to toll or make the statute of limitations inapplicable. As such the time limits of R.C. 1707.43 strictly apply.
R.C. 1707.43 limits the time a cause of action can be brought under this statute to no more than two years after the plaintiff knew or had reason to know of the violation of R.C. Chapter 1707, or no more than four years from the date of such sale, whichever is the shorter period. The stocks and units were purchased between 1985 and January 7, 1992, the majority were purchased in the middle and late 80s. The complaint was filed December 6, 1996. In August 1994, appellees filed for bankruptcy, and appellants claim they discovered the fraud shortly after the filing of bankruptcy. Four years from the date of the last sale of stocks is January 7, 1996. Two years from the date of the alleged discovery is August of 1996. Even if we give appellants the benefit of the doubt that they did not discover the fraud until December 6, 1994, two years prior to the filing of the suit, they still do not satisfy the limitation set forth in R.C. 1707.43. The statute reads that the statute of limitations that applies is the shorter period. The shorter period is the January 7, 1996 date, not the December or August date.
Applying the four year statute of limitations date, the complaint was filed after the January 7, 1996, date, on December 6, 1996. Therefore, appellants do not fall within the statute of limitations. The trial court was correct in dismissing the complaint. However, we note that the trial court dismissed the complaint based on R.C. 2305.09. While the trial court applied the wrong statute and misapplied the law under that statute, the trial court still came to the right conclusion that the complaint was dismissed because the statute of limitations had expired.
 MISAPPLICATION OF R.C. 2305.09
R.C. 2305.09 dictates that a four year statute of limitations applies to common-law fraud claims. Generally a cause of action accrues when the wrongful act was committed. O'Stricker v. Jim Walter Corp. (1983),4 Ohio St.3d 84. Therefore, as explained above, appellants' claims occurred outside of the four year statute of limitations unless the discovery rule applies.
The discovery rule in R.C. 2305.09(D) applies when strict application of the general rule can lead to an unjust result. Harris v. Liston
(1999), 86 Ohio St.3d 203, 206. This statute tolls the statute of limitations until the fraud is first discovered or through the exercise of reasonable diligence it should have been discovered. Id. at 207.
The trial court's journal entry states that plaintiff tried to stretch the common-law discovery rule to say that the filing of bankruptcy was the triggering date for discovery purposes. The court goes on to say that it "cannot accept the premise that Thinking Machine Corporation's filing of Reorganization proceedings was based upon any of the defendants' alleged false or misleading statements or representations." (2/21/01 J.E.). Thus, the trial court concluded the action was time barred.
The trial court incorrectly concluded that the triggering event must be a result of the fraud. Pursuant to the discovery rule, certain causes of action do not accrue for statute of limitations purposes until the party discovers or, in the exercise of reasonable care, should have discovered the injury. Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, 179; R.C. 2305.09. There is no authority for the requirement that the triggering event must be a result of the fraud. If that rule applied, then a seller of a home who conceals termite damage, and the damage is discovered through a remodeling project that occurs four years after the concealment, the buyer could not claim application of the discovery rule because the remodeling was not a result of the fraud. Another example is the Biro v. Hartman Funeral Home (1995), 107 Ohio App.3d 508 case. InBiro, the father died and was cremated. The remains were supposed to be kept safe. The funeral home made representations that the remains would be kept safe. Over four years later the mother died. At that point it was discovered that the remains were not kept safe, but instead were disposed of in a common grave area. The mother's death was the triggering event and it was not caused by the fraud. The Eighth District Court of Appeals held that the discovery rule applied. Biro, 107 Ohio App.3d 508
(however, the issue raised before this court was not raised before the Eighth District). As such, the trial court incorrectly concluded that the triggering event needed to be a result of the fraud.
Additionally, the motion must be viewed in the light most favorable to the non-moving party. Mitchell, 40 Ohio St.3d at 192. The trial court did not believe appellants' assertion that they did not discover the fraud until bankruptcy. However, at that point in the lawsuit, their statement must be taken as true. Id. While prior to bankruptcy there may have been information sufficient to alert a reasonable person to the possibility of wrongdoing which would give rise to a party's duty to inquire into the matter with due diligence, none of those facts were alleged. Flowers v.Walker (1992), 63 Ohio St.3d 546. As such the trial court incorrectly applied R.C. 2305.09.
For the reasons stated above, the decision to dismiss the complaint is affirmed. However, the reasons to dismiss the complaint are based upon the application of R.C. 1707.43, not R.C. 2305.09.
Waite, J., concurs.
DeGenaro, J., concurs; see concurring opinion.