JOURNAL ENTRY AND OPINION
{¶ 1} Appellants, Daniel J. Ryan, et al.[1] ("the Ryan plaintiffs"), appeal the judgment of the Cuyahoga County Court of Common Pleas that granted the motion to dismiss of appellees, Jeffrey Ambrosio, John Sirios, and Charles R. Laurie, Jr. The Ryan plaintiffs also appeal the court's decision that denied their motion for reconsideration. For the reasons stated herein, we affirm in part, reverse in part, and remand the matter for further proceedings.
 {¶ 2} On July 22, 2002, the Ryan plaintiffs filed this action against the appellees. Each of the Ryan plaintiffs had deposited money with the appellees for the purpose of purchasing shares in certain Ohio limited partnerships, known as the Ambrosio Partnerships, between April 1998 and March 1999. In their complaint, the Ryan plaintiffs alleged that the appellees actively participated in the solicitation of the Ryan plaintiffs for the purpose of selling the securities in question and, in doing so, made numerous and material misrepresentations regarding the investments. The complaint further alleged that the appellees sold the shares in the Ambrosio Partnerships solely as a means of investing in a Delaware corporation named Unity Motion, and that the *Page 4 
investments in the Ambrosio Partnerships were de facto investments in Unity Motion.
 {¶ 3} The complaint proceeded to set forth certain alleged representations that were made pertaining to Unity Motion purportedly to induce the Ryan plaintiffs to believe that Unity Motion was an ongoing business, taking in revenue, with huge financial profit. The Ryan plaintiffs claimed that the representations proved to be false and that in 1999 Unity Motion filed for bankruptcy.
 {¶ 4} The Ryan plaintiffs claimed that they did not discover the extent and character of the misrepresentations, nor should they have, until well after the investments became worthless in mid-2001. They further asserted that many of the transactions occurred before the securities in question were properly registered with Ohio's Division of Securities, and that two of the appellees did not have securities licenses.
 {¶ 5} The Ryan plaintiffs set forth the following causes of action: (1) strict liability under Ohio's "Blue Sky" securities law — R.C.1707.40 et seq.; (2) common law fraud; (3) negligent misrepresentation; (4) breach of fiduciary duty; (5)breach of contract; (6) respondeat superior; (7) breach of contract (plaintiffs as third-party beneficiaries); and (8) negligence.
 {¶ 6} The appellees filed a motion to dismiss, arguing the claims were time-barred by the applicable statute of limitations. They also argued each *Page 5 
claim was subject to dismissal under Civ. R. 12(B)(6) for failure to state a claim upon which relief could be granted. The trial court granted the appellees' motion to dismiss and denied a subsequent motion for reconsideration filed by the Ryan plaintiffs.
 {¶ 7} During the course of the proceedings, the trial court consolidated the Ryan case with Cuyahoga County Court of Common Pleas Case No. CV-450857 ("the Siedel case"). The Ryan plaintiffs sought to amend the Ryan complaint, but a ruling on that motion was stayed pending the court's decision on appellees' motion to dismiss. Following the trial court's grant of the motion to dismiss, the trial court granted a motion to sever the Ryan case from the Siedel case on January 18, 2008. This appeal timely followed.
 {¶ 8} The Ryan plaintiffs have raised two assignments of error for our review. Their first assignment of error provides as follows: "I. The trial court erred when it granted defendants-appellees' motion to dismiss because the complaint does not conclusively show on its face the action is time-barred by the statute of limitations."
 {¶ 9} An appellate court reviews a Civ. R. 12(B)(6) motion to dismiss under a de novo standard. Mackey v. Luskin, Cuyahoga App. No. 88874,2007-Ohio-5844. "A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred. In order for a court to dismiss a complaint under Civ. R. 12(B)(6) for *Page 6 
failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief."Doe v. Archdiocese of Cincinnati, 109 Ohio St.3d 491, 493,2006-Ohio-2625 (internal citations omitted). Also, a reviewing court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the plaintiffs. Maitland v. Ford MotorCo., 103 Ohio St.3d 463, 465, 2004-Ohio-5717.
 {¶ 10} Under their first assignment of error, the Ryan plaintiffs assert that the complaint does not conclusively show that their claims are time-barred. Initially, we must determine the applicable statute of limitations to be applied to the claims.
 {¶ 11} The Ryan plaintiffs set forth eight causes of action in their complaint. They contend that only some of their claims arise under Ohio's Blue Sky laws and are governed by the limitations period set forth in R.C. 1707.43. The appellees contend that this statute applies to all of the claims.
 {¶ 12} Claims that are predicated on a sale of securities are governed by the statute of limitations found in R.C. 1707.43. Goldberg v.Cohen, Mahoning App. No. 01 CA 49, 2002-Ohio-3012; Ware v. Kowars (Jan. 25, 2001), Franklin App. No. 00AP-450; Helman v. EPL Prolong, Inc.,139 Ohio App.3d 231, 243, 2000-Ohio-2593; Hater v. Gradison Div. ofMcDonald (1995), 101 Ohio App.3d 99. It is the actual nature of the complaint, and not the form of the pleading, *Page 7 
that determines which statute of limitations to apply. Lynch v. DeanWitter Reynolds, Inc. (1999), 134 Ohio App.3d 668. Further, when two statutes of limitations could apply to a claim, the more specific statute governs. Id.
 {¶ 13} Our review of the complaint reflects that all of the Ryan plaintiffs' claims arise from alleged misrepresentations made with respect to the sale and purchase of securities. Indeed, the allegations are "inextricably interwoven" with the sale of the securities. Because the claims arise from and are predicated upon the sale of securities, the applicable limitations period for all of the claims is set forth in R.C. 1707.43.[2]
 {¶ 14} In January 2003, when the trial court granted the motion to dismiss, the applicable version of R.C. 1707.43(B) provided as follows:
 "No action for the recovery of the purchase price as provided for in this section, and no other action for any recovery based upon or arising out of a sale or contract for sale made in violation of Chapter 1707. of the Revised Code, shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more *Page 8 than four years from the date of such sale or contract for sale, whichever is the shorter period."[3]
Pursuant to the above version of the statute, the Ryan plaintiffs were required to bring their action either two years from the time they knew or should have known of the facts underlying their complaint or four years from the date of sale or contract of sale, whichever period expired first. Their complaint was filed on July 22, 2002.
 {¶ 15} A review of the complaint reflects that the Ryan plaintiffs acknowledged that Unity Motion filed for bankruptcy in 1999. However, they maintain that they did not discover the extent and character of the misrepresentations, nor should they have, until well after the investments became worthless in mid-2001. Thus they argue that the two-year statute of limitations period did not expire until 2003. Appellees argue that the 1999 bankruptcy put the Ryan plaintiffs on notice of any potential claim and that the limitations period expired in 2001.
 {¶ 16} We recognize that a bankruptcy filing has been found sufficient to place investors on inquiry notice of their claims. See Greenburg v.Hiner (C.A. 6, 2006), 173 Fed. Appx. 367, 370-371 (see cases cited therein); see, also, Phillips v. Kidder, Peabody Co. (S.D.N.Y. 1996),933 F.Supp. 303, 312. Here, the *Page 9 
complaint does not conclusively establish when the Ryan plaintiffs knew, or had reason to know, of Unity Motion's bankruptcy.[4] According to the complaint, the Ryan plaintiffs did not directly invest in Unity Motion, but rather, they purchased shares in the Ambrosio Partnerships. Thus it is unclear from the complaint whether the Ryan plaintiffs would have been privy to information pertaining to the filing of Unity Motion's bankruptcy.
 {¶ 17} Accepting the allegations in the complaint as true, we must assume that the Ryan plaintiffs did not have reason to discover their claims until mid-2001. Therefore, upon the complaint, it cannot be said that the Ryan plaintiffs' claims would be barred by the two-year statute of limitations.
 {¶ 18} With respect to the four-year limitations period, the parties dispute when the statute began to run. This court and others have recognized that a "sale" of a security is complete on the date the subscription agreement is executed. See Kondrat v. Morris (1997),118 Ohio App.3d 198, 205; Helman, 139 Ohio App.3d 231; State v.Detillio (1992), 90 Ohio App.3d 241; Cheetwood v. Roberts (N.D. Ohio, Nov. 22, 1991), Case No. 3:90CV7432. In determining when the statute of limitations accrues, it is the last sale of securities that is applied. See Goldberg, supra; Helman, 139 Ohio App.3d at 245; Adams v. DeanWitter Reynolds, Inc. (June 17, 1999), Cuyahoga App. No. 74379. *Page 10 
 {¶ 19} Here, the complaint generally alleges that the Ryan plaintiffs each purchased shares between April 1998 and March 1999. However, the complaint does not conclusively show when the last date of sale was as to each respective plaintiff. Since it cannot be determined from the face of the complaint when the four-year limitations period would have expired, the grant of appellees' motion to dismiss would have been improper on this basis.
 {¶ 20} "The affirmative defense of statute of limitations is generally not properly raised in a Civ. R. 12(B)(6) motion, as it usually requires reference to materials outside the complaint." Ferry v. Shefchuk, Geauga App. No. 2002-G-2480, 2003-Ohio-2535. Upon remand, evidence will need to be provided in order for the trial court to determine when the limitations periods expired, which of the periods would have expired first, and whether the action is time-barred.
 {¶ 21} Insofar as the Ryan plaintiffs argue that equitable estoppel should be applied to prevent appellees from asserting the statute of limitations defense, they have failed to properly apply the doctrine in this matter.[5] In order for equitable estoppel to apply, the Ryan plaintiffs were required to plead facts that, if proved, would demonstrate appellees prevented them from filing a lawsuit. See Doe v.Archdiocese of Cincinnati, 116 Ohio St.3d 538, 540, 2008-Ohio-67. No *Page 11 
such facts were alleged in the complaint; therefore, equitable estoppel does not apply.
 {¶ 22} The Ryan plaintiffs' first assignment of error is sustained.
 {¶ 23} The Ryan plaintiffs' second assignment of error states as follows: "II. The trial court erred in granting appellees' motion to dismiss because appellees' complaint was well pled for each of the listed causes of action."
 {¶ 24} The parties dispute whether the Ryan plaintiffs' complaint set forth valid causes of action. We shall apply the motion to dismiss standard set forth above in reviewing the claims.
 {¶ 25} The Ryan plaintiffs' first cause of action is for strict liability under Ohio's "Blue Sky" securities law, R.C. 1707.40 et seq. The purpose of R.C. Chapter 1707, otherwise known as the Ohio Securities Act, is "to prevent the fraudulent exploitation of the investing public through the sale of securities." In re Columbus Skyling Securities,Inc., 74 Ohio St.3d 495, 499, 1996-Ohio-151.
 {¶ 26} In their complaint, the Ryan plaintiffs allege that each of the appellees knowingly provided them with misleading information from March 1998 until February 1999 in order to induce the Ryan plaintiffs to invest in Unity Motion. They specifically set forth alleged material misrepresentations that were made about Unity Motion and claim that the Ryan plaintiffs relied upon the misrepresentations to their detriment. They further state each of the appellees participated in the sale of unregistered or unexempted securities and *Page 12 
that two of the appellees did not have securities licenses. They assert that the securities transactions were made in violation of R.C. 1707.40 et seq., including R.C. 1707.41 (civil liability for fraud), R.C. 1707.42 (creating civil liability for investment advisors), and R.C. 1707.43 (providing remedies). The Ryan plaintiffs are seeking a return of their principal investment. Upon our review, we find that a valid claim has been set forth and that the claim was pled with sufficient particularity.
 {¶ 27} The second cause of action is for common law fraud. To prove a fraud claim, the plaintiff must show that the defendant made a representation that was both material to the transaction and knowingly false with the intent of misleading the plaintiff to rely on it; that the plaintiff justifiably relied on the defendant's representation; and that this reliance caused injury to the plaintiff. Cohen v. Lamko,Inc. (1984), 10 Ohio St.3d 167, 169. A complaint alleging fraud must state the specific circumstances surrounding the alleged fraud with particularity. Civ. R. 9(B). In their complaint, the Ryan plaintiffs stated with particularity the material misrepresentations and omissions alleged to constitute fraud as well as allegations to establish the remaining elements of a fraud claim. They further identified that each of the appellees made false statements to the Ryan plaintiffs and the period of time in which the statements were made. We, therefore, conclude that the Ryan plaintiffs properly conformed with the particularity requirements of Civ. R. 9(B). *Page 13 
 {¶ 28} The third, fourth, fifth and eighth causes of action, respectively, are for negligent misrepresentation, breach of fiduciary duty, breach of contract, and negligence. Our review reflects that each of these causes of action was adequately pled based on the alleged misrepresentations made with respect to the sale of the securities.
 {¶ 29} The sixth cause of action is for respondeat superior. Under the doctrine of respondeat superior, a principal is vicariously liable for acts of its agent committed within the scope of the agency.Vanderpool v. Univ. Hosp., Inc., Hamilton App. No. C-020020, 2002-Ohio-5092, citing Nadel v. Burger King Corp. (1997),119 Ohio App.3d 578, 589. The Ryan plaintiffs allege in their complaint that two of the appellees, Sirios and Laurie, were not licensed to sell securities, that these appellees had an agency relationship with Ambrosio for the purpose of selling securities in Unity Motion through shares of Ambrosio Partnerships, and that Ambrosio was responsible for the actions and wrongdoings of these appellees that were committed in the course of their agency relationship. Here again, we find that a valid claim has been set forth.
 {¶ 30} The seventh cause of action is for breach of contract (plaintiffs as third-party beneficiaries). This claim is based upon the Ryan plaintiffs' contention that each of them is a third-party beneficiary of the agreement between Ambrosio and the National Association of Securities Dealers ("NASD"), under which Ambrosio promised to adhere to the respective rules and *Page 14 
regulations for the protection of customers pursuant to NASD Rule 2300 et seq. The Ryan plaintiffs claim they are entitled to relief for Ambrosio's alleged breach of the terms and conditions of the NASD agreement. The appellees correctly assert that there is no private cause of action for violating the NASD rules. See, e.g., Salzmann v.Prudential Securities, Inc. (S.D.N.Y., May 16, 1994), Case No. 91 CV 4253; Brainard v. Am. Skandia (N.D. Ohio, Nov. 5, 2004), Case No. 1:03 CV 1698, FN 5. Accordingly, the trial court properly dismissed this cause of action only.
 {¶ 31} In conclusion, except for the seventh cause of action for breach of contract (plaintiffs as third-party beneficiaries), the remaining causes of action are not subject to dismissal for failure to state a claim upon which relief can be granted. As to these claims, we cannot say that it appears beyond doubt that the Ryan plaintiffs can prove no set of facts in support of their claims that would entitle them to relief.
 {¶ 32} The Ryan plaintiffs' second assignment of error is overruled as to the seventh cause of action, and sustained as to the remaining causes of action.
 {¶ 33} Judgment affirmed in part, reversed in part; cause remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellants and appellees share the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 15 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR
[1] The plaintiffs-appellants in this matter are Daniel J. Ryan, William T. Doyle, Michael J. Flament, Jaime P. Serrat, Fred Lick, Jr., and Patrick D'Angelo. Andrew J. Crites was also a named plaintiff, but he is not appealing the court's decision and is not a party to this appeal.
[2] The case of Ferritto v. Alejandro (2000), 139 Ohio App.3d 363, relied upon by the Ryan plaintiffs, is distinguishable in that the claims in Ferritto did not arise from the sale of securities, unlike the allegations in the complaint herein. Also, we will not consider the assertions of fraud made in appellants' brief that are not included in the actual allegations set forth in the complaint.
[3] R.C. 1707.43 was amended effective September 16, 2003, and lengthened the four-year limitations period to five years. The parties concede that the version in effect prior to this amendment is applicable in this matter.
[4] However, we note that the complaint sets forth that the Ryan plaintiffs ceased purchasing shares in March 1999.
[5] For dismissal to be appropriate, the record must show that there are no factors that would toll the statute of limitations or make it inapplicable. Helman, 139 Ohio App.3d at 245. *Page 1