[Cite as *Carlson v. Baker & Hostetler, L.L.P.*, 2013-Ohio-273.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98722

---

# DEBBIE CARLSON, ET AL.

**PLAINTIFFS-APPELLANTS**

vs.

# BAKER & HOSTETLER, L.L.P., ET AL.

**DEFENDANTS-APPELLEES**

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-754340

**BEFORE:** E.A. Gallagher, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** January 31, 2013

**ATTORNEY FOR APPELLANTS**

Harvey B. Bruner
Harvey B. Bruner Co., L.P.A.
The Hoyt Block Building
700 W. St. Clair Ave., #110
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEE**

**For Baker & Hostetler, Et Al.**

John D. Parker
Karl Fanter
Baker & Hostetler, L.L.P.
3200 PNC Center
1900 East Ninth Street
Cleveland, Ohio   44114

**For Willia Burton**

Willia Burton
#56764-060
c/o FPC Alderson
Glen Ray Rd., Box A
Alderson, West Virginia    24910

EILEEN A. GALLAGHER, J.:

{¶1} This is an appeal from the decision of the trial court dismissing appellants' complaint against Willia Burton. The appellants argue that the trial court erred in, sua sponte, dismissing their claims without first giving the parties notice and an opportunity to respond. Finding merit to the instant appeal, we reverse the decision of the trial court and remand for proceedings consistent with this opinion.

{¶2} Appellants, Debbie Carlson, David Dummermuth, Michael Ennemoser, Jim Hayzlett, Lisa Hayzlett, Werner Heidemann, Frank Simpson, Fred Proctor Jr., Fred Proctor III, Money Management Financial Services and Family Home Providers, Incorporated, are a collection of investors who alleged that they were defrauded by Willia Burton, the law firm of Baker & Hostetler, L.L.P., the individual attorneys, Paul Feinberg and William Culbertson and John Does 1-50.

{¶3} The appellants first met Burton, a former legal secretary for Baker & Hostetler, in 2005. Burton represented to the appellants that she was entitled to receive a large inheritance in the amount of $14.5 million dollars left to her by her father, who was a resident of the African nation of Burkina Faso. Burton told the appellants that she needed funds to pay various handling and government fees and that, if they invested with her, she would provide them with a return on their investment. At some point, Burton asked Paul Feinberg, her former boss at Baker & Hostetler, for help in obtaining her

inheritance.   Feinberg agreed to help his former secretary.

{¶4}   The appellants agreed to the investment and, in return, Burton provided promissory notes for their investments, which set forth the date and amount of the return on those invested monies.   After the initial investment, Burton returned to the appellants and stated that additional fees, taxes and handling charges needed to be paid and that those were the last hurdles to the release of the funds.   Appellants invested additional funds.

{¶5}   Appellants allege that they invested over $1,000,000 with Burton, who never fulfilled the executed promissory notes.   Accordingly, the appellants filed suit alleging claims of securities fraud, fraud/fraudulent misrepresentations, negligent misrepresentation, aiding and abetting tortious conduct and civil conspiracy.

{¶6}   In their complaint, the appellants alleged that Burton represented to them that her attorneys at Baker & Hostetler were working with her and providing assistance in getting the money released to her.   Additionally, the complaint alleges that appellant, Fred Proctor III, and his attorney met with  attorneys Feinberg and Culbertson at the offices of Baker & Hostetler and that statements were made that the funds were, in fact, in a bank account that had been verified.

{¶7}   In response, Baker & Hostetler, Feinberg and Culbertson, filed a joint motion to dismiss for failure to state a claim upon which relief can be granted.   In their motion, the parties argued that: (1) the appellants' claims against them were barred by

the applicable statute of limitations and (2) that the appellants' claims lacked merit. The parties specifically refuted any claim that Baker & Hostetler knew that Burton was a fraudster, or that the law firm itself made any representations concerning the alleged inheritance. Additionally, the motion to dismiss argues that appellant, Fred Proctor III, and his counsel represented that they had traveled to Cleveland from Georgia to confirm for themselves that the funds were legitimate. Those parties denied any knowledge of the existence of the inheritance.

{¶8} The trial court granted the motion to dismiss, concluding that the appellants' claims were outside of the two-year applicable statute of limitations period. Appellants did not appeal from that order.

{¶9} The appellants voluntarily dismissed the unidentified 50 John Doe defendants, leaving Willia Burton as the sole remaining defendant. Appellants sought a default judgment against Burton, which the trial court denied after Burton filed what was deemed by the Court to be her answer. The appellants then filed a motion for summary judgment, or in the alternative, a motion for judgment on the pleadings, which the trial court denied. In denying the appellants' motion, the trial court, sua sponte, dismissed the appellants' remaining causes of action against Burton as being outside of the applicable statute of limitations.

{¶10} Appellants appeal from the dismissal of their claims against Burton, raising the following assignment of error:

The trial court erred by sua sponte dismissing Appellants' claims without giving the parties notice of the court's intent to dismiss and an opportunity to respond.

**{¶11}** The Supreme Court of Ohio has stated that "[t]he Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 1995-Ohio-251, 647 N.E.2d 799. In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Id.* Some courts have recognized an exception to this general rule, however, and have allowed "sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint." *Id.*; *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, 911 N.E.2d 950 (10th Dist.).

**{¶12}** An appellate court reviews a Civ.R. 12(B)(6) motion to dismiss under a de novo standard. *Mackey v. Luskin,* 8th Dist. No. 88874, 2007-Ohio-5844; *Ryan v. Ambrosio*, 8th Dist. No. 91036, 2008-Ohio-6646.

A motion to dismiss based upon a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred. In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief.

*Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 493, 2006-Ohio-2625, 849 N.E.2d 268; *Ryan*. In addition, a reviewing court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the plaintiffs. *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061; *Ryan*.

{¶13} In the present case, the trial court sua sponte dismissed the appellants claims because it found them to be barred by the statute of limitations. Specifically, the court stated:

> Ohio courts have held that claims that derive from the sale of securities are governed by the statute of limitations in R.C. 1707.43. *Ryan v. Ambrosia* (8th Dist.) 2008-Ohio-6646. Based upon allegations set forth in Pltfs' [sic] complaint, the court determines that Pltfs' [sic] claims are time barred. R.C. 1707.43. Accordingly, all remaining claims against Deft. [sic] Burton are hereby dismissed.

{¶14} In order to determine whether the appellants claims against Burton could survive, we must determine the applicable statute of limitations for their claims. However, because the trial court sua sponte dismissed the appellants' claims without notice, this court is without a sufficient record to facilitate appellate review.

{¶15} Primarily, the trial court concluded that all five of appellants' claims arose from the sale of securities and thus, were governed by the statute of limitations set forth in R.C. 1707.43. However, this court is without sufficient information to review the trial court's conclusion that all of the appellants' claims arise from alleged misrepresentations made with respect to the sale and purchase of securities.

Nonetheless, even if we were able to agree with the trial court's conclusion, we are unable to determine when the statute of limitations expired. R.C. 1707.43(B) provides as follows:

> No action for the recovery of the purchase price as provided for in this section, and no other action for any recovery based upon or arising out of a sale or contract for sale made in violation of Chapter 1707 of the Revised Code, shall be brought more than two years after the plaintiff knew, or had reason to know, of the facts by reason of which the actions of the person or director were unlawful, or more than five years from the date of such sale or contract for sale, whichever is the shorter period.

{¶16} The appellants' complaint alleges that they invested with Burton sometime during 2005 through 2006. The complaint does not allege when the appellants became aware of the alleged fraud, nor does it allege the exact date of the sale of the promissory notes. Appellants filed their original complaint on March 26, 2011. While it is conceivable that either the two or the five-year statute of limitations may have expired prior to the filing of the complaint, this court cannot definitively conclude as such. If the trial court had given the appellants notice of its intent and an opportunity to respond, the record would be more developed to facilitate appellate review. Therefore, we conclude that the trial court erred when it sua sponte dismissed appellants' complaint under Civ.R. 12 without notifying all parties of its intent and giving the appellants an opportunity to respond.

{¶17} Appellants' sole assignment of error is sustained.

{¶18} The judgment of the trial court is reversed and the matter is remanded.

It is ordered that appellants recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR