[Cite as *In re Jane Doe*, 2023-Ohio-614.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE JANE DOE            :

                                  :           No. 111822

A Minor Child            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 2, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA22100458

---

### *Appearances:*

Kubyn & Ghaster and R. Russell Kubyn, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Appellant Brad Francis ("Francis") appeals from the juvenile court's journal entry dismissing his complaint for allocation of parental rights and responsibilities. For the following reasons, we reverse.

**Factual and Procedural History**

{¶ 2} The entirety of the facts contained in our record are as follows. Francis is a resident of the U.S. Virgin Islands and M.D. is a resident of Cuyahoga County. Francis's complaint alleged that while M.D. was visiting the U.S. Virgin Islands at an unspecified date, M.D. and Francis engaged in sexual relations.

Francis further alleged that subsequently, M.D. informed Francis via cellphone communication that she was pregnant with his child. Francis communicated to M.D. that he wanted to be involved in the child's life. Francis further alleged that around Thanksgiving 2021, M.D. gave birth to a female child and sent a photo of the child to Francis, along with a message that the child would be put up for adoption. The record does not contain a birth certificate or any other documentation related to the child, nor does it contain any reference to the child's date or place of birth. Francis attached to his complaint photos of messages purportedly exchanged between himself and M.D.

{¶ 3} On January 12, 2022, Francis filed a complaint for allocation of parental rights and responsibilities against M.D., along with a motion for temporary allocation of parental rights and responsibilities. Francis filed the complaint and motion for temporary allocation of parental rights and responsibilities in order to "see his child" and also to "thwart any potential adoption."

{¶ 4} On March 9, 2022, the juvenile court held a hearing on Francis's complaint and motion. Francis, Francis's counsel, and M.D. were present for this hearing. In a journal entry following this hearing, the court stated:

> The Court finds that there is no clear evidence of parentage for Jane Doe, such that following the discussion with the parties, leave is granted to the complainant to conduct further investigation.

The court held a hearing on July 6, 2022. Francis and his counsel were present for the hearing; M.D. did not appear at the hearing. In a journal entry following this hearing, the court stated:

> Whereupon, this matter came on for Preliminary hearing. The Court finds that no alleged child of the complainant and the respondent was found.
>
> The Court finds and concludes that [Francis] has failed to state a claim upon which relief may be granted.
>
> It is therefore ordered that the Complaint and motion filed by [Francis] through counsel are dismissed without prejudice.

{¶ 5} Francis appeals, presenting a single assignment of error for our review:

> Based upon a de novo review, the trial court erred to the prejudice of the appellant and abused its discretion by sua sponte dismissing the appellant's complaint for allocation of parental rights and responsibilities and motion for temporary allocation of parental rights and responsibilities for failure to state a claim upon which relief may be granted.

**Law and Analysis**

{¶ 6} The Ohio Supreme Court "has stated that '[t]he Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints.'" *Carlson v. Baker & Hostetler, L.L.P.*, 8th Dist. Cuyahoga No. 98722, 2013-Ohio-273, ¶ 11, quoting *State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn.*, 72 Ohio St.3d 106, 647 N.E.2d 799 (1995). Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), failure to state a claim upon which relief may be granted, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond. *Id.* Some courts have

recognized an exception to this general rule by allowing sua sponte dismissal without notice "where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint." *Id.*, citing *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, 911 N.E.2d 950 (10th Dist.).

{¶ 7} We review rulings on Civ.R. 12(B)(6) dismissals under a de novo standard. *Woods v. Sharkin*, 2022-Ohio-1949, 192 N.E.3d 1174, ¶ 28 (8th Dist.), citing *Hersh v. Grumer*, 2021-Ohio-2582, 176 N.E.3d 1135, ¶ 5 (8th Dist.). In order for a court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 493, 2006-Ohio-2625, 849 N.E.2d 268. Further, reviewing courts accept as true all material allegations of the complaint and make all reasonable inferences in favor of the plaintiff. *Carlson* at ¶ 12, citing *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061. A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants. *Moore v. Houses on the Move, Inc.*, 177 Ohio App.3d 585, 2008-Ohio-3552, 895 N.E.2d 579, ¶ 13 (8th Dist.), citing *Mayrides v. Franklin Cty. Prosecutor's Office*, 71 Ohio App.3d 381, 384, 594 N.E.2d 48 (10th Dist.1991). A sua sponte dismissal "places the court in the role of a proponent rather than an independent entity" and further, sua sponte dismissals "prejudice

appellants as they deny any opportunity to respond to the alleged insufficiencies." *Id.*, citing *Mayrides*.

{¶ 8} As an initial matter, we note that the record in this case is limited primarily to Francis's complaint and motion and the aforementioned journal entries. Our review of the record reveals neither an indication that the court provided Francis with notice of its intent to dismiss the complaint pursuant to Civ.R. 12(B)(6) and an opportunity to respond, nor any rationale for its sua sponte dismissal, let alone a finding that the complaint was frivolous or Francis obviously could not prevail on the facts alleged in the complaint.

{¶ 9} Ultimately, appellate review is frustrated when a trial court offers no explanation or reasoning for a sua sponte dismissal. *Moore* at ¶ 13. Had the trial court given Francis an opportunity to respond to its intent to sua sponte dismiss his complaint, the record would be more developed so as to facilitate meaningful appellate review. Reviewing the scant record in this case, it does not appear beyond doubt, after construing the material factual allegations in Francis's complaint most strongly in his favor, that his complaint is either frivolous or obviously without merit. Therefore, we conclude that the trial court erred in sua sponte dismissing

Francis's complaint without notifying the parties of its intent to dismiss the complaint and providing Francis an opportunity to respond.

{¶ 10} Therefore, we sustain Francis's assignment of error.

{¶ 11} Judgment reversed and case remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

ANITA LASTER MAYS, A.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR