**SHERIDAN et al., Appellants,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, Appellee.**

[Cite as *Sheridan v. Metro. Life Ins. Co.,* 182 Ohio App.3d 107, 2009-Ohio-1808.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–579.

Decided April 16, 2009.

Solomon T. Sheridan, pro se.

French, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Solomon T. Sheridan ("Mr. Sheridan"), Solomon D. Sheridan, and Shawn D. Sheridan (collectively, "appellants"), appeal the judgment of the Franklin County Court of Common Pleas, which sua sponte dismissed their complaint against defendant-appellee, Metropolitan Life Insurance

Company ("MetLife"). For the reasons that follow, we reverse the trial court's judgment and remand this matter for further proceedings.

{¶ 2} On May 1, 2007, appellants filed a "complaint of contractual dispute for damages and breach of care and loyalty to plaintiff(s)" against MetLife. The complaint alleged that a Travelers' insurance policy issued to Deborah Sheridan ("Mrs. Sheridan") provided group life insurance to appellants and that the policy terminated on December 31, 1992. Although unclear, the complaint also appeared to allege that MetLife gave false information about the policy. For relief, the complaint asked the court to require MetLife to provide a correct copy of the policy, an order declaring that the policy terminated on December 31, 1992, and an order requiring MetLife "to pay the maximum amount of monetary damages" to appellants.

{¶ 3} MetLife, through counsel, has indicated to this court that it was never served with the complaint. The record, however, includes a certified-mail return receipt indicating that MetLife was served on May 11, 2007.

{¶ 4} On November 2, 2007, appellants moved for default judgment against MetLife. The motion argued that MetLife had failed to respond to the complaint.

{¶ 5} On November 7, 2007, appellants amended their motion for default judgment. In their supporting memorandum, appellants stated that on August 10, 2005, they filed an action against MetLife, State of Ohio Bureau of Worker's Compensation ("BWC"), and Travelers Insurance Company of the Midwest, seeking $15 million in damages. Appellants stated that they had withdrawn that action, but, on May 5, 2006, filed a complaint against BWC, Mrs. Sheridan's former employer. Appellants attached copies of these complaints and related correspondence to the amended motion. Also attached is a copy of BWC's motion to dismiss the 2006 complaint, which also arose from the parties' dispute concerning the 1992 policy, on the grounds that the applicable two-year statute of limitations barred the suit. In their motion for default judgment, appellants used statements contained in BWC's motion to support their allegation that the policy terminated on December 31, 1992.

{¶ 6} On June 6, 2008, the trial court issued a decision and entry sua sponte dismissing appellants' complaint and finding their motions moot. At the outset, the court noted that Mr. Sheridan had been found guilty of murdering Mrs. Sheridan, his wife. In *State v. Sheridan* (Feb. 9, 1995), 10th Dist. No. 94APA04–529, 1995 WL 54370, this court affirmed Mr. Sheridan's conviction for aggravated murder and tampering with evidence.

{¶ 7} The trial court stated that the August 2005 complaint was dismissed on December 8, 2005, for lack of subject-matter jurisdiction. Because appellants'

2007 complaint alleged claims virtually identical to those raised in the 2005 complaint, the court found that the doctrine of res judicata barred appellants' complaint and that they had failed to state a claim on which relief could be granted. Accordingly, the court sua sponte dismissed the complaint.

{¶ 8} Appellants filed a timely appeal, and they raise the following assignments of error:

### FIRST ASSIGNMENT OF ERROR

The trial court committed reversible error asserting res judicata to deny plaintiff(s) a public hearing.

### SECOND ASSIGNMENT OF ERROR

The trial court committed [reversible] error in violation of plaintiff(s) Ohio Constitution and in violation of the Equal Protection Provision of the United States Constitution.

### THIRD ASSIGNMENT OF ERROR

The trial court erred and abused its discretion by entering judgment contrary to Civil Rule 55(A), default and [stare] decisis.

{¶ 9} We begin with appellants' first assignment of error, in which they assert that the court erred in dismissing their complaint. To place this question in context, we begin with the case background we have gleaned from the record and this court's prior opinions.

{¶ 10} Mrs. Sheridan died on January 1, 1993. At Mr. Sheridan's criminal trial, the state presented evidence that Mrs. Sheridan's life insurance policy was in effect until 4:45 p.m. on January 1, 1993, and that Mr. Sheridan called a BWC payroll employee on January 2, 1993, to inquire about the policy. *Sheridan,* supra. The prosecution's theory was that Mr. Sheridan murdered Mrs. Sheridan to obtain insurance proceeds and her retirement benefits. See *State v. Sheridan* (June 13, 2000), 10th Dist. No. 00AP–6, 2000 WL 757724 (affirming trial court's denial of Mr. Sheridan's motion for new trial). Mr. Sheridan's apparent intent is to obtain evidence that Mrs. Sheridan's policy terminated on December 31, 1992, and, therefore, that it was not in effect when she died one day later, on January 1, 1993. According to appellants, every effort to obtain evidence of a December 31, 1992 termination date has been thwarted.

{¶ 11} In their brief, appellants state that the 2005 complaint was dismissed for lack of subject-matter jurisdiction, as the trial court concluded. Our record does not include a journal entry indicating final resolution of that matter. According

to appellants' own filings, however, MetLife was a named defendant in the 2005 complaint. While it is unclear whether MetLife was ever served in that action, the complaint made allegations against and involving MetLife, which appellants alleged was the current underwriter of the policy. The 2007 complaint at issue here names appellants as plaintiffs and makes other changes to the claims. Essentially, however, the 2007 complaint again alleges that MetLife gave false information about the policy and asks for a declaration that the policy terminated on December 31, 1992.

{¶ 12} The doctrine of res judicata precludes "relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction." *Reasoner v. Columbus,* 10th Dist. No. 04AP–800, 2005-Ohio-468, 2005 WL 289574, ¶ 5, citing *State ex rel. Kroger Co. v. Indus. Comm.* (1998), 80 Ohio St.3d 649, 651, 687 N.E.2d 768. In order to apply the doctrine of res judicata, we must conclude the following: "(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Reasoner* at ¶ 5, citing *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 381–382, 653 N.E.2d 226.

{¶ 13} Here, appellants' own documents show that Mr. Sheridan sued MetLife in the 2005 action, that the 2007 complaint essentially raised the same claims, and that the action arose from the same dispute. There is no "prior valid judgment on the merits" of the 2005 complaint, however. The trial court stated that the 2005 complaint was dismissed for lack of subject-matter jurisdiction, presumably because Mr. Sheridan sued BWC, a state agency, for money damages in the common pleas court, rather than the Ohio Court of Claims. A prior dismissal for lack of subject-matter jurisdiction is not a prior final judgment for purposes of res judicata under Ohio law. *Poppy v. Willoughby Hills City Council,* 11th Dist. No. 2004–L–015, 2005-Ohio-2071, 2005 WL 1007234, ¶ 25; see also Civ.R. 41(B)(4)(a) (a dismissal for lack of subject-matter jurisdiction is a failure other than on the merits). Therefore, the trial court erred in applying res judicata based on the 2005 complaint.

{¶ 14} The trial court also dismissed appellants' complaint, sua sponte, under Civ.R. 12(B)(6) for failure to state a claim on which relief may be granted. The Supreme Court of Ohio has stated that "[t]he Rules of Civil Procedure neither expressly permit nor forbid courts to sua sponte dismiss complaints." *State ex rel. Edwards v. Toledo City School Dist.* (1995), 72 Ohio St.3d 106, 108, 647 N.E.2d 799. In general, a court may dismiss a complaint on its own motion for failure to state a claim only after the court gives the parties notice of its intention to dismiss and an opportunity to respond. Id. Some courts have

recognized an exception to this general rule, however, and have allowed "sua sponte dismissal without notice where the complaint is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint." Id.

{¶ 15} In considering dismissal under Civ.R. 12(B)(6), a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985. Rather, the trial court may review the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. Moreover, the court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753. We review de novo a dismissal under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

{¶ 16} Here, the trial court did not state its reasons for concluding that appellants could prove no facts entitling them to recover against MetLife, except its conclusion that res judicata based on the 2005 complaint barred appellants' complaint, a conclusion we have determined to be erroneous. The court also stated, without explanation, that appellants had not otherwise brought claims upon which relief can be granted. Without a basis for us to review, and given the general rule that a court may not sua sponte dismiss a complaint without notice to the parties and an opportunity for them to respond, we conclude that the court erred in sua sponte dismissing appellants' complaint. We have not considered and express no opinion on whether dismissal may be appropriate on remand, however.

{¶ 17} For these reasons, we conclude that the trial court erred in dismissing appellants' complaint on the basis of res judicata arising from the 2005 complaint and, without explanation or notice to the parties, on the basis of Civ.R. 12(B)(6). Accordingly, we sustain appellants' first assignment of error. Having determined that the trial court erred, we need not consider appellants' second and third assignments of error, which are rendered moot.

{¶ 18} In conclusion, we sustain appellants' first assignment of error, and we overrule as moot appellants' second and third assignments. We reverse the judgment of the Franklin County Court of Common Pleas, and we remand this matter for further proceedings in accordance with this opinion and applicable law.

Judgment reversed
and cause remanded.

McGRATH and TYACK, JJ., concur.