[Cite as *Metro Diplomat Healthcare*, 2014-Ohio-3146.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100799**

---

## JOANNE METRO

PLAINTIFF-APPELLANT

vs.

## DIPLOMAT HEALTHCARE, ET AL.

DEFENDANTS-APPELLEES

---

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-802019

**BEFORE:**   Stewart, J., Boyle, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   July 17, 2014

**ATTORNEY FOR APPELLANT**

Richard O. Mazanec
Wheeler & Mazanec
55 Public Square, Suite 850
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE DIPLOMAT HEALTHCARE**

Leslie Moore Jenny
Jason P. Ferrante
Beau D. Hollowell
Marshall Dennehey Warner Coleman & Goggin
127 Public Square, Suite 3510
Cleveland, OH   44114


**ATTORNEY FOR APPELLEE ABU SYED, M.D.**

Brian D. Sullivan
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, OH   44115

MELODY J. STEWART, J.:

{¶1} Plaintiff-appellant Joanne Metro requested that this appeal be placed on this court's accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1. By doing so, she has agreed that we may render a decision in "brief and conclusionary form." App.R. 11.1(E).

{¶2} Metro brought this "medical malpractice" action against defendants-appellees Diplomat Healthcare, Saber Health Group, and Abu N. Syed, M.D., collectively alleging that they violated R.C. 3721.13, 5122.01, 5122.05, and 5122.10, by having her, a resident in a Diplomat nursing home, involuntarily committed to a hospital for psychiatric care. The court granted judgment on the pleadings to all defendants because Metro's affidavit of merit filed in support of the complaint was prepared by a nurse practitioner whom the court believed to be unqualified to render an opinion regarding a psychiatrist's standard of care.[1]

{¶3} The court did not err by granting judgment on the pleadings as to Counts 1, 2 (subpart 4), and 3 of the complaint. Those counts alleged acts of medical malpractice that were "medical claims" as defined by R.C. 2305.113(E)(3) and thus required an

---

[1]Although an involuntary dismissal for failure to comply with Civ.R. 10(D)(2) is considered without prejudice, *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 15-18, Metro previously dismissed this case without prejudice and, given that the statute of limitations had expired, she refiled the complaint under the savings statute, R.C. 2305.19. In *Brown v. Solon Pointe at Emerald Ridge*, 8th Dist. Cuyahoga No. 99363, 2013-Ohio-4903, we found that a second dismissal for failure to comply with Civ.R. 10(D)(2), coming after a party had refiled the complaint under the savings statute, created a final order because a plaintiff can only use the savings statute once, so the second dismissal was functionally a dismissal with prejudice from which the time to appeal began to run. *Id.* at ¶ 8-9.

affidavit of merit. Subparts 1, 2, and 3 of Count 2 (paragraph 14 of the complaint) did not raise medical claims, but instead asserted statutory claims under R.C. 3721.13 claiming that Metro had been subjected to "verbal, mental, and emotional abuse," that her mail had been improperly opened, and that the defendants failed to protect the confidentiality of her medical records and information. The claims in subparts 1, 2, and 3 of Count 2 were not subject to the affidavit of merit requirement set forth in Civ.R. 10(D)(2).[2]

{¶4} Having found that some of the claims raised by Metro were medical claims that required a supporting affidavit of merit, we next conclude that Metro failed to support those claims in compliance with Civ.R. 10(D)(2) by offering an affidavit from a person "familiar with the applicable standard of care[.]" Civ.R. 10(D)(2)(a)(ii). A nurse practitioner is unqualified to give an opinion that a psychiatrist violated the relevant standard of care. In reaching this conclusion, we reject Metro's reliance on *Disciplinary Counsel v. Hilburn*, 135 Ohio St.3d 1, 2012-Ohio-5528, 984 N.E.2d 940, for the proposition that a nurse practitioner was qualified to give a professional opinion in support of a finding of mental disability. *Hilburn* made it clear that the parties in that case stipulated that a nurse practitioner could, consistent with the scope of practice

---

[2]Diplomat's reliance on *Hubbard v. Laurelwood Hosp.*, 85 Ohio App.3d 607, 620 N.E.2d 895 (11th Dist.1993), for the proposition that there is no exception to the affidavit of merit rule for medical claims based on statutory violations is misplaced. *Hubbard* involved a wrongful death claim brought pursuant to R.C. 2125.01. The substance of that claim was that the defendants acted negligently in causing a death, so the affidavit of merit requirement did apply. Metro's statutory claims in Count 2, subparts 1, 2, and 3, do not involve any breach of a medical duty of care.

outlined in R.C. 4723.43(C), "provide an opinion on mental disability." *Id*. at ¶ 30. Being qualified to provide an opinion on whether a person has a mental disability is not the same as being qualified to render an opinion on whether a psychiatrist breached the standard of care applicable to that profession or whether a psychiatric hospital breached its standard of care. With the nurse practitioner unqualified to render an opinion regarding either standard of care, the court did not err by granting judgment on the pleadings for Counts 1, 2 (subpart 4), and 3 of the complaint.

{¶5} Finally, we reject Metro's argument that the court erred by granting judgment on the pleadings to Diplomat because it did not file a motion for judgment on the pleadings nor join in Syed's motion. "A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted." *Whaley v. Franklin Cty. Bd. of Commrs*., 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001). A court is allowed to grant sua sponte a Civ.R. 12(B)(6) motion to dismiss after the parties are given notice of the court's intent and an opportunity to respond. *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, 911 N.E.2d 950, ¶ 14 (10th Dist.). The court did not immediately rule on Syed's motion for judgment on the pleadings, but gave Metro time to file a conforming affidavit of merit. In doing so, it gave her notice that a "failure to [file a conforming affidavit of merit] will result in dismissing plaintiff's claims, without prejudice, in accordance with Civ.R. 41(B)(1) and Civ.R. 10(D)(2)." To the extent that

Diplomat did not file its own motion or join in Syed's motion, the court could sua sponte grant judgment on the pleadings.

**{¶6}** This cause is affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellees share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR