[Cite as *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 2021-Ohio-525.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ronald G. Johnson, | : | |
| Relator, | : | |
| v. | : | No.  20AP-317 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on February 25, 2021

**On brief:** *Ronald G. Johnson,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *George Horvath,* for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LUPER SCHUSTER, J.

{¶ 1}  Relator, Ronald G. Johnson, commenced this original action requesting that this court issue a writ of mandamus ordering respondent, Ohio Department of Rehabilitation and Correction ("ODRC"), to reduce his maximum term of incarceration, currently set to end on August 19, 2024, because Johnson believes he should receive an additional allowance of jail-time credit for the time he was held awaiting trial in his criminal cases.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this court referred the matter to a magistrate.  In his July 20, 2020 decision, the magistrate set forth the standard for dismissing a complaint for failure to state a claim upon which

relief can be granted, and he acknowledged that generally courts do not sua sponte dismiss a complaint. In this case, however, the magistrate determined that such a dismissal is appropriate because this court, and the Supreme Court of Ohio, already have duly considered and rejected the contentions that form the basis of Johnson's pending complaint. Consequently, the magistrate recommends this court sua sponte dismiss this action. A few days before the magistrate issued his decision, ODRC moved to dismiss Johnson's complaint for failure to state a claim and for other reasons. As to ODRC's motion, the magistrate noted that the recommended sua sponte dismissal of Johnson's complaint would render moot ODRC's motion to dismiss.

{¶ 3} Johnson filed objections to the magistrate's decision, arguing the magistrate erred in recommending this court sua sponte dismiss his complaint for failure to state a claim upon which relief can be granted. Johnson argues he has supported his contentions in his complaint with facts demonstrating ODRC has incorrectly determined his maximum term of incarceration because he is entitled to additional jail-time credit. We find Johnson's objections lack merit.

{¶ 4} We agree with the magistrate that this case involves a complaint that " 'is frivolous or the claimant obviously cannot possibly prevail on the facts alleged in the complaint.' " *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, ¶ 14 (10th Dist.), quoting *State ex rel. Edwards v. Toledo City School Dist.*, 72 Ohio St.3d 106, 108 (1995). Issues relating to the expiration of Johnson's maximum term of incarceration, including issues as to jail-time credit, already have been extensively litigated. *See State ex rel. Johnson v. Bur. of Sentence Computation*, 159 Ohio St.3d 552, 2020-Ohio-999 (chronicling Johnson's legal actions relating to his sentencing and finding Johnson to be a vexatious litigator). As such, they are barred by res judicata. *See State v. Sneed*, 8th Dist. No. 84964, 2005-Ohio-1865, ¶ 16 ("[R]es judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated."). And even if the jail-time credit issue Johnson raises in this action was not barred by res judicata, "[a]lleged errors regarding jail-time credit are not cognizable in mandamus." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 10. For these reasons, we find Johnson's objections lack merit.

**{¶ 5}** Additionally, soon after filing his objections to the magistrate's decision, Johnson filed a motion to strike ODRC's motion to dismiss as being time barred. He argues the motion to dismiss should be stricken because it was not filed within 28 days of his filing of the complaint. Based on our finding that Johnson's objections lack merit because a sua sponte dismissal is appropriate, this motion is moot. Even if not moot, however, Johnson's motion lacks merit. Civ.R. 12(A)(1) provides that a defendant "shall serve his answer within twenty-eight days after service of the summons and complaint upon him." Or a defendant may choose to present certain defenses by way of motion before filing an answer. Civ.R. 12(B). Johnson filed his complaint on June 12, 2020, and service was completed on June 18, 2020. ODRC filed its motion to dismiss on July 16, 2020, which was within 28 days of service of the complaint. Furthermore, on March 27, 2020, and in response to the COVID-19 health crisis, the Supreme Court of Ohio issued an order tolling time limitations and deadlines, effective from March 9 through July 30, 2020. *See In re Tolling of Time Requirements Imposed by Rules Promulgated by the Supreme Court & Use of Technology*, 158 Ohio St.3d 1516, 2020-Ohio-2975. Thus, contrary to Johnson's argument, ODRC's motion to dismiss was not untimely.

**{¶ 6}** Based on our review of this matter, we find the magistrate discerned the pertinent facts and properly applied the relevant law to those facts. We concur that it is obvious Johnson's complaint fails to state a claim upon which relief can be granted. Therefore, we adopt the magistrate's decision as our own, including the magistrate's findings of fact and conclusions of law. And because Johnson's objections to the magistrate's decision are without merit, we overrule them. In accordance with the magistrate's decision, we sua sponte dismiss Johnson's complaint.

*Objections overruled;*
*case dismissed.*

DORRIAN, P.J., and HESS, J., concur.

HESS, J., of the Fourth Appellate District, sitting by
assignment in the Tenth Appellate District.

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ronald G. Johnson, | : | |
| Relator, | : | |
| v. | : | No. 20AP-317 |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 20, 2020

_Ronald G. Johnson,_ pro se.

_Dave Yost,_ Attorney General, and _George Horvath,_ for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 7}  Relator, Ronald G. Johnson, filed an original action seeking a writ of mandamus to compel respondent, Ohio Department of Rehabilitation and Correction ("ODRC") to reduce his maximum term of incarceration, currently set to end on August 19, 2024, because relator believes that he should receive an additional allowance of jail-time credit for the time he was held awaiting trial.  The magistrate sua sponte considers the sufficiency of relator's complaint on its face and finds that it must be dismissed as barred by res judicata and the law of the case.

Findings of Fact:

{¶ 8} 1. Relator filed his complaint in mandamus on June 12, 2020.

{¶ 9} 2. Accompanying relator's complaint are his affidavits and inmate statements as required by R.C. 2969.25(A) and (C).

{¶ 10} 3. Relator's complaint asserts that ODRC's Bureau of Sentence Computation has improperly calculated his sentence and failed to take into account aggregate jail-time credit for time relator spent awaiting trial in his criminal cases.

{¶ 11} 4. Relator filed a motion for summary judgment on July 10, 2020.

{¶ 12} 5. Relator filed a motion for judgment on the pleadings on July 14, 2020.

{¶ 13} 6. Respondent has not filed an answer in the case. Respondent's time to answer is presently tolled by the Supreme Court of Ohio's orders addressing the COVID-19 public health emergency.

{¶ 14} 7. Respondent filed on July 16, 2020 a motion to dismiss combined with a motion to have relator declared a vexatious litigator. Respondent's motion to declare relator a vexatious litigator was denied by magistrate's order on July 20, 2020.

Discussion and Conclusions of Law:

{¶ 15} Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face and the sufficiency of any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989); *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Industries*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10. For a court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 16} The court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v.*

*Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7.

{¶ 17} The Supreme Court of Ohio has stated that the rules of civil procedure neither expressly permit nor forbid courts to sua sponte dismiss a complaint. *State ex rel. Edwards v. Toledo City School Dist.,* 72 Ohio St.3d 106, 108 (1995). While generally it is better practice to dismiss a complaint on this basis only after giving the parties notice, this court has recognized exceptions to that general rule allowing " 'sua sponte dismissal without notice where a complaint is frivolous or a claimant obviously cannot possibly prevail on the facts alleged in the complaint.' " *Sheridan v. Metro Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, ¶ 14 (10th Dist.), quoting *Edwards* at 108. The present complaint in mandamus presents such an obvious case that warrants sua sponte dismissal.

{¶ 18} Not only has this court previously considered relator's arguments, *State ex rel. Johnson v. Bur. of Sentence Computation*, 10th Dist. No. 18AP-351, 2018-Ohio-4338, but the court was compelled to reject those arguments on the basis that the Supreme Court of Ohio has expressly ruled on the very issues presented here in *Johnson v. Moore*, 149 Ohio St.3d 716, 2017-Ohio-2792. "The Supreme Court of Ohio found that Johnson's maximum term will not expire until 2024." *Johnson,* 10th Dist. No. 18AP-351, at ¶ 4.

{¶ 19} Relator's complaint cannot, therefore, on its face state a claim for a writ of mandamus because this court may not depart from the law of case established by its own prior decision and that of the Supreme Court. It is therefore the magistrate's decision that this action should be dismissed sua sponte for failure to state a claim. Relator's pending motions for summary judgment and judgment on the pleadings are denied. Respondent's pending motion to dismiss is rendered moot.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).