[Cite as *Jodka v. Toledo*, 2023-Ohio-4796.]

# IN THE COURT OF APPEALS OF OHIO

SIXTH APPELLATE DISTRICT
LUCAS COUNTY

SAM JODKA,

Plaintiff-Appellant,

v.

CITY OF TOLEDO,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. L-23-1108**

---

Civil Appeal from the
Court of Common Pleas of Lucas County, Ohio
Case No. CI0202002400

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, David A. D'Apolito, Judges.
Seventh District Court of Appeals,
Sitting by Assignment

---

**JUDGMENT:**
Affirmed.

---

*Atty. Andrew R. Mayle, Atty. Benjamin Padanilam*, for Plaintiff-Appellant and

*Atty. Dale R. Emch,* Director of Law*, Atty. Jeffrey B. Charles,* Chief of Litigation*, Atty Tammy G. Lavalette,* Senior Attorney*, Atty. John T. Madigan*, Senior Attorney for Defendant-Appellee.

Dated:  December 27, 2023

**Robb, J.**

{¶1} Appellant, Sam Jodka, appeals the April 24, 2023 judgment issued by the Lucas County Court of Common Pleas granting Appellee, City of Toledo, summary judgment. Appellant argues the trial court erred by applying the doctrine of res judicata and finding Appellant failed to exhaust his administrative remedies. Instead, Appellant claims these defenses are inapplicable because the underlying administrative proceedings were contrary to law and a nullity.

{¶2} For the following reasons, we affirm.

<u>Statement of the Facts and Case</u>

{¶3} Appellant filed his class action complaint on June 25, 2020 on behalf of himself and those similarly situated against the city of Toledo. Appellant alleged that Toledo's traffic camera ordinance was invalid in whole or in part. Claiming the city lacked jurisdiction and the authority to act, among other things, Appellant claimed Toledo should not retain the benefit of its unlawful traffic camera tickets and administrative process. Thus, Appellant sought restitution on behalf of himself and the putative class. (June 5, 2020 Complaint.)

{¶4} Appellee filed its answer, which did not include the affirmative defenses of res judicata or the failure to exhaust administrative remedies. (August 17, 2020 Answer.)

{¶5} After the initial status hearing, the trial court set summary judgment and discovery deadlines, and scheduled the case for trial on December 6, 2021. (September 3, 2020 Pretrial Order.)

{¶6} Appellant's violation or Notice of Liability Number SH00388708 was issued on November 6, 2019 for a speeding violation. It consists of four pages. The notice page identifies Samual J. Jodka and alleges the depicted vehicle was registered to Sara Jodka and was traveling 80 mph in a 60 mph zone in violation of Toledo Municipal Code Section 313.12. (January 12, 2021 Motion for Leave to File Notice of Liability Instanter.)

{¶7} The instruction page of the notice states the driver/owner has three options: Payment, Affidavit, or Right to a Hearing. Option "A Payment" indicates no points will be assessed and no record of the violation will be sent to the driver/owner's insurance. It also sets forth options and directions for payment. Option "B Affidavit" states the

owner/driver can submit an "Affidavit of Non-Responsibility" identifying the actual driver of the vehicle on the date in question or if the vehicle was stolen. Option "C Right to a Hearing" provides to "have the matter reviewed by a Hearing Officer you must * * * Complete [the] Request for Hearing Coupon" and mail or hand deliver it to the Toledo Police Traffic Section by December 11, 2019. (January 12, 2021 Motion for Leave to File Notice of Liability Instanter.)

{¶8} The Options Page is divided into three boxes corresponding with the three options designed to be completed by the owner/driver. The first box is for Option A and is titled "Payment Coupon". The second box is a form affidavit by which the owner of the vehicle could attest that her vehicle was driven by another on the date of the violation or that the vehicle or license plate was stolen. The third box is labeled "OPTION C: HEARING REQUEST". It states in part, "Complete ONLY if you want a hearing scheduled". (January 12, 2021 Motion for Leave to File Notice of Liability Instanter.)

{¶9} It is undisputed that Appellant paid the $120 fine. (Affidavit of Sam Jodka.) Thus, he chose option A.

{¶10} On November 25, 2020, Appellant moved for partial summary judgment, seeking the court to determine the Toledo ordinance was legally invalid as of July 3, 2019 and he is entitled to restitution. Appellant alleged he was entitled to restitution since Toledo Municipal Code (TMC) Section 313.12 was invalid as of July 3, 2019 when R.C. 1901.20 was amended and gave "exclusive jurisdiction" over civil speeding violation adjudications to municipal courts, not the municipality. Appellant's traffic violation is dated September 12, 2019. Appellant urged the trial court to find the section previously deemed invalid by the Ohio Supreme Court was not severable, thus the whole provision was invalid. Appellant also contends his violation of TMC 313.12 is a nullity since the ordinance is invalid because it contravened the municipal court's exclusive jurisdiction. In his affidavit in support of his motion, Appellant states in part he "paid the $120 financial sanction * * *." (November 25, 2020 Partial Summary Judgment Motion.)

{¶11} The court subsequently approved the parties' joint stipulation and agreed to address the merits of the parties' summary judgment motions before proceeding with "class discovery" and class-certification issues. (December 10, 2020 Order.)

{¶12} Appellee filed a combined motion for summary judgment and opposition to Appellant's summary judgment motion. As grounds, Appellee claimed Appellant failed to exhaust the available administrative remedies; he lacked standing to bring an unjust enrichment claim; and the Lucas County Court of Common Pleas lacked subject matter jurisdiction to address his claim. (December 23, 2020 Motion for Summary Judgment.)

{¶13} The trial court granted Appellee's first summary judgment motion in part on May 25, 2021. It overruled Appellant's summary judgment motion, and it granted the city's motion in part, finding Appellee failed to assert the affirmative defense of failure to exhaust administrative remedies. It also held Appellant lacked standing to bring the unjust enrichment claim since he paid the applicable fine and did not avail himself of the applicable quasi-judicial process. However, the trial court denied the city's motion regarding Appellant's second claim for class action certification. (May 25, 2021 Judgment.)

{¶14} Appellee subsequently moved to amend its complaint to add the affirmative defense of failure to exhaust administrative remedies, which the trial court granted the next day. (June 16, 2021 Motion for Leave & June 16, 2021 Order.) Appellant opposed, asserting Appellee should not be allowed to add this defense, especially in light of the court's denial of summary judgment based on Appellee's failure to assert it.

{¶15} Appellant then appealed the court's summary judgment decision to this court, which we dismissed as lacking a final, appealable order because the court's judgment did not dispose of all claims. (March 9, 2022 Order.)

{¶16} Thereafter, Appellee filed a motion for leave to file a second amended answer to add the defense of res judicata. (January 23, 2022 Motion.) Appellant opposed, but the trial court allowed the amendment.

{¶17} Appellee filed a new motion for summary judgment and raised several arguments. Appellee first alleged it had secured a preliminary injunction enjoining the enforcement of R.C. 1901.20(A)(1), among other sections affected by House Bill 62. Appellee also sought summary judgment on the grounds of res judicata and the failure to exhaust administrative remedies, lack of standing, and political subdivision immunity. Attached as Exhibit A to Appellee's motion for summary judgment is the June 23, 2019 Opinion issued by the Lucas County Court of Common Pleas in case number

CI0201802922 captioned *City of Toledo vs. the State of Ohio*. Among other things, it grants a preliminary injunction and enjoins the state from enforcing R.C. 1901.20(A)(1), pending a resolution of the case on the merits. (March 13, 2023 Motion, Exhibit A.)

**{¶18}** Appellant opposed summary judgment, arguing in part that he was not a party to the injunction litigation and that TMC 313.12 is unconstitutional in whole or part. The trial court granted summary judgment in Appellee's favor. It concluded that Appellant has standing to bring the claims asserted. Relying on the decision in *Lycan v. Cleveland*, 2022-Ohio-4676, *recon. denied,* 169 Ohio St.3d 1445, 2023-Ohio-554, 203 N.E.3d 744, it also held res judicata applied and Appellant failed to exhaust the available administrative process. The trial court likewise dismissed Appellant's class action claim, impliedly found the violative provision in the ordinance was severable, and concluded there is no just cause for delay. The trial court did not address the parties' arguments regarding the injunction or immunity. (April 24, 2023 Order.)

Assignment of Error

**{¶19}** Appellant raises one assigned error on appeal, which asserts:

"Citing the res judicata and exhaustion-of-administrative-remedies doctrines, the trial court erroneously granted summary judgment to Toledo when it should have granted partial summary judgment to Jodka because the nominal 'administrative remedy' that the city relies upon here is invalid: 'R.C. 1901.20(A)(1) expressly vests exclusive jurisdiction over noncriminal traffic-law adjudications in the municipal courts. Toledo therefore has no Jurisdiction to conduct its own quasi-judicial proceedings.' *State ex rel Magsig v. Toledo*, 160 Ohio St.3d 342, 2020-Ohio-3416, ¶ 20."

**{¶20}** Appellant divides his assignment of error into three main arguments. His first argument contends the trial court erroneously applied the defenses of res judicata and failure to exhaust. Second, Appellant claims the trial court erred by allowing Appellee to add these defenses after it had already addressed the parties' summary judgment arguments and found these defenses were inapplicable because they were not raised. Last, Appellant claims the trial court erred by denying his motion for partial summary judgment.

**{¶21}** We review Appellant's argument about the motions to amend Appellee's answer first.

<u>Motions to Amend Appellee's Answer</u>

**{¶22}**  Trial courts have broad discretion when addressing a motion to amend the pleadings.  *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illuminating Co.*, 60 Ohio St.3d 120, 122, 573 N.E.2d 622 (1991).   Thus, we do not substitute our judgment for the trial court's but may reverse only when the trial court's decision is unreasonable, arbitrary, or unconscionable.  *Id.* quoting *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985).

**{¶23}**  Motions to amend pleadings are governed by Civ.R. 15(A), which states in part:

> A party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court shall freely give leave when justice so requires.

Appellee's motion to amend was filed well beyond the time for doing so under the rule, and it did not obtain Appellant's counsel's consent.  Thus, the city needed leave of court. *Id.*

**{¶24}**  "[T]he language of Civ.R. 15(A) favors a liberal amendment policy and a motion for leave to amend should be granted absent a finding of bad faith, undue delay or undue prejudice to the opposing party."  *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984), *holding modified by Jim's Steak House, Inc. v. City of Cleveland*, 81 Ohio St.3d 18, 688 N.E.2d 506 (1998).

**{¶25}**  As Appellant contends, the parties had already filed competing motions for summary judgment, which the trial court ruled on.  It determined in part that Appellee had failed to assert the affirmative defense of failure to exhaust.  Thereafter, the trial court allowed Appellee to amend its answer twice, once before the initial notice of appeal and once after.  The trial court granted Appellee leave to add these affirmative defenses.  The first leave to amend its answer was granted nine months after the city's initial answer, and the second leave was granted 17 months after Appellee's first answer.

**{¶26}** In *Hoover v. Sumlin*, 12 Ohio St.3d 1, 6, 465 N.E.2d 377 (1984), the Ohio Supreme Court found the "Appellants were not prejudiced by the addition of the * * * defense [because] they faced no obstacles by the amendment which they would not have faced had the original pleading raised the defense." *Id.* at 6. Like *Hoover*, Appellant does not identify an additional obstacle caused by the delay.

**{¶27}** Although we may disagree with the trial court's decision to do so after denying summary judgment in part for the failure to raise this defense of failure to exhaust, we cannot conclude that its decision constitutes an abuse of discretion. Thus, Appellant's first argument lacks merit.

Toledo Municipal Code 313.20 & Relevant Caselaw

**{¶28}** Appellant's remaining arguments involve TMC 313.20 and relevant caselaw.

**{¶29}** TMC 313.12, as detailed in the trial court's April 24, 2023 judgment, governing automated red light and speeding civil violations, provides in pertinent part:

[(a)](2) The City of Toledo Division of Transportation, the Toledo Police Department, and the Toledo Department of Law shall be responsible for administering the Automated Red Light and Speeding System. * * *

* * *

(3) A citation for an automated red light and speeding system violation pursuant to this Section, known as a "Notice of Liability" shall:

A. Be processed by officials or agents of the City of Toledo;

* * *

C. Clearly state the manner in which the violation may be appealed.

* * *

(c) Offense.

* * *

(2) The owner of a vehicle, or the party named per TMC Subsection 313.12(c)(4)A, shall be liable for a penalty imposed pursuant to this Section if such vehicle is operated at a speed in excess of those set forth in TMC Section 333.03.

* * *

(d)  Penalty; Administrative Appeal.

* * *

(2)  Any violation of subsection (c)(2) herein shall be deemed a noncriminal violation for which a civil penalty of $120.00 shall be assessed and for which no points authorized by Ohio R.C. 4507.021 * * * shall be assigned * * *.

* * *

(4)  A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the "Notice of Liability."  The failure to give notice of appeal or pay the civil penalty within this time period shall constitute a waiver of the right to contest the citation and will be considered an admission.  Appeals shall be heard through an administrative process established by the City of Toledo Police Department.  A decision in favor of the City of Toledo may be enforced by means of a civil action or any other means provided by the Ohio Revised Code.

**{¶30}**  This section was challenged and critically analyzed by the Ohio Supreme Court in *Walker v. Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474.  Bradley Walker, appellee, received a notice of liability for a traffic violation under TMC 313.12, and he paid the city $120 without pursuing an administrative appeal. He then filed a class-action complaint against Toledo and Redflex for unjust enrichment, seeking their disgorgement of all civil penalties.   The complaint asserted TMC 313.12 is unconstitutional because it usurps the jurisdiction of the municipal court, is unconstitutionally vague, and violates due process.  Appellants filed motions to dismiss for failure to state a claim for which relief can be granted pursuant to Civ.R. 12(B)(6), which the trial court granted.  *Walker v. Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474, ¶ 10.  Although the Supreme Court in its decision acknowledges that Walker did not file an administrative appeal from his citation, this case does not discuss the defenses of failure to exhaust or res judicata since it was reviewing a motion to dismiss. Thus, we do not rely on it for authority for these issues.

**{¶31}**  The court in *Walker* held in part:

[M]unicipalities have home-rule authority under Article XVIII of the Ohio Constitution to impose civil liability on traffic violators through an

administrative enforcement system * * *; R.C. 1901.20, which sets the jurisdiction of municipal courts, do[es] not endow municipal courts with exclusive authority over civil administrative enforcement of traffic-law violations. Finally, we hold that Ohio municipalities have home-rule authority to establish administrative proceedings, including administrative hearings, related to civil enforcement of traffic ordinances, and that these administrative proceedings must be exhausted before offenders or the municipality can pursue judicial remedies.

*Id.* at ¶ 3. *Walker* was decided December 18, 2014.

**{¶32}** In response, the legislature amended R.C. 1901.20 with the changes effective as of July 3, 2019. R.C. 1901.20 now states:

(A)(1) The municipal court has jurisdiction to hear misdemeanor cases committed within its territory and has jurisdiction over the violation of any ordinance of any municipal corporation within its territory, including *exclusive jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance.*

* * *

(D) As used in this section, "violation of a state traffic law or a municipal traffic ordinance" includes, but is not limited to, a traffic law violation recorded by a traffic law photo-monitoring device, as defined in section 4511.092 of the Revised Code.

(Emphasis added.) R.C. 1901.20(A)(1) now gives exclusive jurisdiction to municipal courts, unlike when *Walker* was decided.

**{¶33}** The Ohio Supreme Court again addressed TMC 313.12 in *State ex rel. Magsig v. Toledo*, 160 Ohio St.3d 342, 2020-Ohio-3416, 156 N.E.3d 899, after the July 3, 2019 amendments. In *Magsig*, the Supreme Court granted a writ of prohibition preventing the city of Toledo from conducting its own quasi-judicial proceedings. The relator Susan Magsig received a notice of liability indicating she had a speeding violation. Magsig requested a hearing, and before the hearing commenced, she filed suit seeking a writ of prohibition to prevent Toledo from conducting the administrative hearing because the city lacked jurisdiction.

Case No. L-23-1108

**{¶34}** Magsig challenged the validity of TMC 313.12, which sets forth the city's civil-enforcement system for speeding-camera violations, among other things. The Supreme Court held in part: "Toledo's patent and unambiguous lack of jurisdiction to carry out its red-light and speeding-camera civil-enforcement system is clear on the face of R.C. 1901.20(A)(1)." *Id.* at ¶ 7. The court in *Magsig* further explained:

> R.C. 1901.20(A)(1), as amended by H.B. 62, provides that a municipal court 'has jurisdiction over the violation of any ordinance of any municipal corporation within its territory, including *exclusive* jurisdiction over every civil action concerning a violation of a state traffic law or a municipal traffic ordinance.' (Emphasis added.) The express language of the statute confers exclusive jurisdiction on the municipal courts to adjudicate civil actions for municipal traffic-law violations. Toledo's ordinance allowing an administrative-hearing officer to adjudicate noncriminal traffic-law violations contravenes the statute's plain language.
>
> * * *
>
> R.C. 1901.20(A)(1) expressly vests exclusive jurisdiction over noncriminal traffic-law adjudications in the municipal courts. *Toledo therefore has no jurisdiction to conduct its own quasi-judicial proceedings*.

(Emphasis added.) *Id.* at ¶ 8, 20.

**{¶35}** The Supreme Court in *Magsig* did not find that the violation or notice of liability under TMC 313.12 was unlawful or invalid. *Magsig* did not conclude the city of Toledo lacked jurisdiction or authority to issue the speeding violation or accept payment for a violation. Instead, *Magsig* found the administrative appeal process set forth in TMC 313.12(d)(4) violated R.C. 1901.20(A)(1), as amended July 3, 2019.

**{¶36}** In a similar action for a writ of prohibition before the Ohio Supreme Court involving a speeding violation with an administrative appeal process governed by the municipality, the court acknowledged this in dicta stating:

> *Magsig* does not declare traffic citations such as that involved here invalid; it holds only that the challenges must be heard by the municipal court and that municipalities have no jurisdiction to conduct their own quasi-judicial proceedings. 160 Ohio St.3d 342, 2020-Ohio-3416, 156 N.E.3d 899, at ¶

Case No. L-23-1108

20. So, [the vehicle owner] is not entitled to have her traffic citation "dismissed."

*State ex rel. Maxwell v. Brice*, 167 Ohio St.3d 137, 2021-Ohio-4333, 189 N.E.3d 771, ¶ 31. The court in *Maxwell* denied the writ and found the issue was moot since the village had stopped holding administrative hearings on traffic citations. *Id.* at ¶ 31-33. The Supreme Court was not concerned with the fact that the village continued to issue citations. *Id.*

**{¶37}** In *Wright v. Brice*, 10th Dist. Franklin No. 20AP-320, 2021-Ohio-2246, ¶ 10, the Tenth District Court of Appeals found a hearing officer's decision regarding a driver's violation was void in light of the decision in *Magsig.* The violation in *Wright* was issued after the July 3, 2019 amendment to R.C. 1901.20. Thus, Wright's appeal to the trial court was construed as a motion to vacate a void judgment. *Id.* at ¶ 17. The appellate court vacated the municipal hearing officer's decision for lack of subject-matter jurisdiction. Because the municipality lacked jurisdiction to appoint a municipal hearing officer to oversee administrative appeals, the hearing officer's decision was a nullity. The court did not invalidate the violation, but only the hearing officer's decision. *Id.* ¶ 17-18.

<u>Res Judicata & Failure to Exhaust Administrative Remedies</u>

**{¶38}** Appellant asserts the trial court erroneously applied the defenses of res judicata and failure to exhaust since the available administrative remedies were invalid as of July 3, 2019 when the amendments to R.C. 1901.20 became effective and gave "exclusive jurisdiction" to municipal courts. He claims any hearing officer appointed by the city lacked jurisdiction to preside over an administrative appeal from the imposition of a civil speeding violation, and as such, Appellant's failure to exhaust an invalid administrative proceeding is of no consequence.

**{¶39}** The application of res judicata is a question of law, which we review de novo. *Lycan v. Cleveland*, 2022-Ohio-4676, *recon. denied,* 169 Ohio St.3d 1445, 2023-Ohio-554, 203 N.E.3d 744. Whether a claim should be dismissed for failure to exhaust administrative remedies is also a question of law that we review de novo. *San Allen, Inc. v. Buehrer*, 2014-Ohio-2071, 11 N.E.3d 739, ¶ 64, (8th Dist.), *cause dismissed sub nom.*, 143 Ohio St.3d 1408, 2015-Ohio-2755, 34 N.E.3d 135.

<u>Case No. L-23-1108</u>

**{¶40}** One's failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden of proving. *Cleveland Constr., Inc. v. Kent State Univ.,* 10th Dist. Franklin No. 09AP-822, 2010-Ohio-2906, ¶ 48. However, "[w]here an administrative agency has no power to afford the relief sought or an administrative appeal would otherwise be futile, exhaustion of administrative remedies is not a prerequisite to seeking judicial relief." *San Allen, Inc. v. Buehrer, supra,* at ¶ 64.

**{¶41}** As stated, the municipality's administrative appeal process was illegal and invalid as of July 3, 2019 with the amendment of R.C. 1901.20. Thus, we do not find Appellant's failure to avail himself of the invalid appeal process after he received a notice of violation in November of 2019 warrants dismissing his claims. Instead, the defense of exhaustion of remedies does not apply since Appellant's failure to appeal would have been futile. *Id.* When an administrative body lacks the power to afford relief, the failure to exhaust defense is inapplicable. *Id.* at ¶ 74.

*{¶42}* In light of the determination that the administrative appeal process has been found to violate R.C. 1901.20, we cannot find Appellant's claim should be barred for failure to avail himself of this process. Thus, we find the argument that Appellant failed to exhaust the available administrative remedies inapplicable since the remedies were a nullity. The municipalities lacked authority to preside over administrative appeals of civil traffic penalties. *See Maxwell v. Brice and Wright v. Brice, supra.*

**{¶43}** However, this determination does not preclude the application of res judicata. While the quasi-judicial appeal process detailed in TMC 313.20 was determined to be invalid, the citation or notice of liability was not. Appellant contends the citation is invalid because the appeal of the citation to the municipality's hearing officer was illegal, unconstitutional, and contrary to law. We disagree.

**{¶44}** As the court in *Wright v. Brice* noted, effective July 3, 2019, municipal courts have the authority to review civil-enforcement speeding violations. Because Appellant paid the violation and did not seek to challenge it in the applicable municipal court, res judicata or issue preclusion applies. Thus, we conclude Appellant's act of paying the fine in the Notice of Liability ended the controversy. His payment admitted liability.

> In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by

judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* The previous action is conclusive for all claims that were or that could have been litigated in the first action. See *Holzemer v. Urbanski* (1999), 86 Ohio St.3d 129, 133, 712 N.E.2d 713.

*State ex rel. Schachter v. Ohio Pub. Emps. Retirement Bd.*, 121 Ohio St.3d 526, 2009-Ohio-1704, 905 N.E.2d 1210, ¶ 27.

Res judicata should not to be rigidly applied "'when fairness and justice would not support it.' *State ex rel. Estate of Miles v. Piketon*, 121 Ohio St.3d 231, 2009-Ohio-786, 903 N.E.2d 311, ¶ 30, citing *Davis v. Wal-Mart Stores, Inc.*, 93 Ohio St.3d 488, 491, 756 N.E.2d 657 (2001) (res judicata is not to be so rigidly applied as to defeat the ends of justice or to create an injustice)."

*AJZ's Hauling, L.L.C. v. TruNorth Warranty Programs of N. America*, --N.E.3d --, 2023-Ohio-3097, ¶ 18. The doctrine should not be employed when its application results in a manifest injustice or when it contravenes an overriding public policy. *Id.*

**{¶45}** The four elements of res judicata or claim preclusion are (1) a prior valid judgment on the merits; (2) a second action involving the same parties; (3) the second action raises claims that were or could have been litigated in the first; and (4) both actions arise out of the same transaction or occurrence. *Sheridan v. Metro. Life Ins. Co.*, 182 Ohio App.3d 107, 2009-Ohio-1808, 911 N.E.2d 950, ¶ 12, (10th Dist.) citing *Reasoner v. Columbus*, 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5, and *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 381-382, 653 N.E.2d 226 (1995).

**{¶46}** The fact that the administrative remedies were already deemed illegal and invalid is of no consequence because Appellant did not invoke them or any appeal process. Moreover, there is no dispute that the current action involves the same parties and arises from the same occurrence. Further, Appellant's payment of the violation without appealing to the municipal court acts as a valid prior judgment.

**{¶47}** Appellant admitted liability by paying the citation and took no further action until filing suit for unjust enrichment. This is not a case where the illegal quasi-judicial process was invoked or triggered, which would have resulted in an invalid decision from a municipality hearing officer. Instead, Appellant lodged no challenge and admitted liability. Thus, the aspect of the statute that was contrary to law was inapplicable. TMC 313.12(d)(4).

**{¶48}** This result is consistent with that in *Lycan v. Cleveland*, 2022-Ohio-4676, *recon. denied,* 169 Ohio St.3d 1445, 2023-Ohio-554, 203 N.E.3d 744. In *Lycan*, the Ohio Supreme Court concluded the doctrine of res judicata applied to challenges to a similar ordinance by drivers who paid their fines. The court in *Lycan* explained in part: "That appellees decided to take a shortcut in the administrative process does not mean that they did not participate in the process. They chose an available route: to not dispute their tickets and pay their fines. And in doing so, they ended the case between themselves and the city." *Id.* at ¶ 27. *Lycan* expressly found the payment of the violation coupled with the failure to challenge it satisfied the res judicata requirement of "a prior final, valid decision on the merits by a court of competent jurisdiction * * *." *Id.* at ¶ 29.

**{¶49}** In light of the foregoing, we agree with the trial court and find Appellant's cause of action for unjust enrichment is precluded by res judicata.

<u>Constitutionality of TMC 313.12 after July 3, 2019</u>

**{¶50}** Appellant's final argument contends the trial court erred by denying him partial summary judgment. He claims TMC 313.12 is unconstitutional and the citation issued to him after July 3, 2019 is a nullity. The trial court entered judgment in favor of Appellee and impliedly overruled Appellant's arguments. (April 24, 2023 Judgment.)

**{¶51}** Municipal ordinances are entitled to the presumption of constitutionality, and the burden is on the party challenging the ordinance to prove it is unconstitutional beyond a reasonable doubt. *Hudson v. Albrecht,* 9 Ohio St.3d 69, 71, 458 N.E.2d 852 (1984), and *State v. Lowe,* 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 17.

**{¶52}** Appellant wants us to determine he is entitled to unjust enrichment because the Toledo Municipal Code did not afford him a legal or viable option to challenge the speeding violation. His argument to the trial court alleged TMC Section 313.12 was invalid as of July 3, 2019 when R.C. 1901.20 was amended and gave "exclusive

jurisdiction" over civil speeding violation adjudications to municipal courts, not the municipality. Appellant's traffic violation is dated September 12, 2019. Appellant urged the trial court to find the section previously deemed invalid by the Ohio Supreme Court was not severable, thus the whole section was invalid. Appellant also contends his violation of TMC 313.12 is a nullity. (November 25, 2020 Partial Summary Judgment Motion.)

{¶53} We disagree. As stated, the appeals process in TMC 313 was found to violate R.C. 1901.20—the city's authority to issue the violation was not invalidated. In *Magsig*, the court concluded the adjudication aspect of TMC 313.20 authorizing a city hearing officer to preside over appeals violated R.C. 1901.20(A)(1). *Id.* The Supreme Court reiterated this conclusion in *State ex rel. Maxwell v. Brice*, 167 Ohio St.3d 137, 2021-Ohio-4333, 189 N.E.3d 771, ¶ 31, when noting the vehicle owner in that case was "not entitled to have her traffic citation 'dismissed.'"

{¶54} Furthermore, after the July 3, 2019 amendment to R.C. 1901.20, Appellant could have appealed his violation to the municipal court. He did not. Res judicata precludes the litigation of a claim that was or could have been raised in a prior proceeding. *Clinton Tp. Bd. of Trustees v. Yackee*, 6th Dist. Fulton No. F-03-001, 2003-Ohio-5180, ¶ 19-22. Appellant's payment of the violation and failure to challenge it preclude him from doing so now.

{¶55} Thus, this aspect of Appellant's assigned error lacks merit and is overruled.

### Conclusion

{¶56} Based on the foregoing, Appellant's assigned error has merit in part. It has merit to the extent the trial court employed the doctrine of exhaustion of administrative remedies. It lacks merit, however, because the trial court did not err granting summary judgment on the basis of res judicata and not finding Appellant's violation invalid.

{¶57} Because Appellant paid the citation and admitted liability, his claims are precluded by res judicata. Appellant's act of paying the ticket ended the controversy between the parties. Thus, the trial court's decision is affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

Case No. L-23-1108

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Lucas County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**